[No. 5353. Decided March 23, 1905.]

BUFFALO PITTS COMPANY, *Respondent*, v. ISAAC DEARING et al., *Appellants*.[1]

JUDGMENT—VACATION—SUBSEQUENT JUDGMENT ON MOTION FOR NEW TRIAL. After a final judgment is entered in the cause, a subsequent judgment for the opposite party, entered upon a motion for a new trial, without disposing of or mentioning the first judgment, does not operate as a vacation of the first judgment, and is void, since the entry of a subsequent judgment is not a method provided by law for disposing of the first judgment.

Appeal from a judgment of the superior court for Adams county, Neal, J., entered May 10, 1904, in favor of plaintiff, upon its motion for a new trial after the entry of judgment in favor of the defendants, in an action upon promissory notes. Reversed.

*Zent, Lovell & Linn,* for appellants.

*O. R. Holcomb,* for respondent.

[1]Reported in 79 Pac. 1104.

PER CURIAM.—In June, 1903, the appellants purchased of the respondent a threshing machine and its equipment, agreeing to pay therefor the sum of $1,275. As evidence of the contract, they executed and delivered to the respondent their four promissory notes, and secured the same by a chattel mortgage upon the property purchased. As a part of the contract of sale, the respondent gave the appellants a written warranty to the effect that the machine was made of good material, and capable of doing the work for which it was intended. This general warranty was followed, however, by a number of conditions, so many in fact that, if printed in the style of the present volumes of the reports of this state, they would fill at least four pages of that work, failure to comply with any one of which, either in its substance or in the manner prescribed for compliance therewith, would, it was provided, render the warranty inoperative, and relieve the company from liability thereon. The machine failed to work on trial, and the appellants sought to comply with the condition of the warranty and obtain a release from their obligations. They did not succeed to the satisfaction of the respondent, and that company commenced this action to foreclose their mortgage and obtain a judgment upon their notes. The appellants defended on the ground of a breach of warranty. The issues as made by the pleadings were submitted by the court to the jury, who found in favor of the appellants on all of the issues. The court thereupon made findings corresponding with the findings of the jury, and entered a decree to the effect that the respondent take nothing by its action, and that the appellants recover their costs. The respondent thereupon filed a motion, in the form, and reciting the grounds, of a motion for a new trial, whereupon the court, without vacating, setting aside, or even mentioning, so far as the record shows, its former findings and judg-

ment, made new findings in favor of the respondent, and entered a new judgment in its favor for the relief prayed for in its complaint. It is from the last mentioned judgment that this appeal is taken.

The judgment appealed from must be reversed. After the court had entered one final judgment in the cause, it was without power to enter another one, so long as the first stood on the record as a valid and binding judgment. It is not pretended that the first judgment was void. The court seems to have thought that the entry of the second judgment operated, of itself, as a vacation of the first, although not mentioned in the second judgment. But it could not have that effect. When a judgment, not void on its face, is once entered, it must stand as the judgment in the cause until it is vacated, modified, reversed, or disposed of by some means provided by law; and the entry of a subsequent judgment in the same cause is not a method provided by law for disposing of an original judgment.

The subsequent judgment was void when entered, and the appellants are entitled to have the same reversed, vacated and held for naught. The order and judgment of this court will go accordingly.