[No. 15826. Department One. February 7, 1921.]

HELEN BUCKLEY *et al., Appellants,* v. W. H. HARKENS *et al., Respondents.*[1]

JUDGMENTS (84)—CORRECTION IN SAME COURT—AUTHORITY. The court cannot on motion enter a second judgment while there is a valid subsisting judgment which can be vacated or modified only for the causes and in the manner specified.

SAME (70) — ENTRY — TIME OF ENTRY BY CLERK. Under Rem. Code, § 431, providing for entry of judgment by the clerk immediately on return of the verdict, the clerk's powers are confined to that time, and the court may withhold the entry, in which case the clerk can only enter a judgment by direction of the court.

SAME (81, 84, 85)—ENTRY—CONFLICT IN RECORD—CORRECTION—POWERS OF COURT—JUDGMENTS THAT MAY BE CORRECTED. A memorandum decision, after withholding entry of judgment by the clerk upon a verdict, to the effect that the court had concluded to let the judgment stand, is not a judgment; and the court may treat the

[1]Reported in 195 Pac. 250.

clerk's unauthorized entry of judgment thereon as a nullity, and on a "rehearing" of the matter, may enter a valid judgment in favor of the other party notwithstanding the verdict, without first setting aside the invalid entry.

MASTER AND SERVANT (172, 182-1)—INJURIES TO THIRD PERSONS—ACTS OF SERVANT—SCOPE OF EMPLOYMENT—QUESTION FOR JURY. In an action for injuries in a collision, whether the driver at fault was in defendant's employ at the time is a question for the jury, where it appeared that he was a salesman of defendant's motor trucks, on a salary and commission basis, and owned the automobile but was allowed forty dollars per month for its upkeep and drove it under defendant's license, and at the time had left the defendant's place of business at the close of day, for home, going out of his way to carry another employee of the defendant.

JUDGMENT (59)—ON TRIAL OF ISSUES—PARTIES. It is error to grant a judgment notwithstanding a verdict, in favor of only one party, leaving the case undetermined as to the other parties.

Appeal by plaintiffs from a judgment of the superior court for King county, Ronald, J., entered December 24, 1919, in favor of one of the defendants, notwithstanding the verdict of a jury for plaintiffs, in an action in tort, after a trial on the merits. Reversed.

*Flick & Paul,* for appellants.

*Stephen V. Carey* and *Kerr & McCord,* for respondents.

FULLERTON, J.—In August, 1918, the respondent, W. H. Harkens, while driving an automobile on a street of the city of Seattle, ran into an automobile owned and driven by the appellant Helen Buckley, causing injuries to her person and to her automobile. Later on Mrs. Buckley, her husband joining, began an action against Harkens, his wife, and the respondent Garford Motor Truck Company, to recover in damages for the injuries suffered. The cause was brought to trial in June, 1919, before the court sitting with a jury, and on the tenth day of that month the jury returned a verdict in favor of the plaintiffs and against all of the

defendants in the sum of six hundred and twenty-five dollars. On the return of the verdict, counsel for the defendants gave notice of their desire to move for judgment notwithstanding the verdict, whereupon the court instructed the clerk to withhold the entry of judgment on the verdict until its further order. In due time counsel filed a motion for such a judgment and, in the alternative, for a new trial, which motion came on for hearing on June 14, 1919. At the conclusion of the hearing, the court made an order which was recorded by the clerk in the following language:

"Motion for a new trial and motion for judgment *non obstante veredicto* denied as to Harkens, and taken under advisement as to other defendant."

On August 9, 1919, the court rendered a written decision on the motion as follows:

"I have concluded in this case, though with some grave doubts, to let the verdict stand. An exception will be allowed."

Thereupon the clerk, without further direction by the court, entered in the journal the following judgment:

"The entry of judgment having been heretofore ordered withheld pending ruling on motions *non obstante veredicto* and for a new trial and the motions being now denied, in compliance with the statute judgment is hereby entered in favor of plaintiff, Helen Buckley, and against defendants, W. H. Harkens and Jane Doe Harkens, his wife, and The Garford Motor Truck Company, a corporation, for Six Hundred twenty-five and no/100 ($625.00) Dollars, and for costs in accordance with verdict."

Thereafter, the precise date not appearing in the record, counsel for The Garford Motor Truck Company applied for a rehearing on the motion, which the court granted, and on December 6, 1919, reheard the motion and caused to be entered the following order:

"Motion for judgment *non obstante veredicto* is taken under advisement."

On December 24, 1919, the court entered the following judgment:

"This cause came on regularly for trial on June 6, 1919, the plaintiffs appearing by Messrs. Flick & Paul, their attorneys, and the defendant W. H. Harkens appearing by Herchmer Johnston Esq., his attorney, and the defendant Garford Motor Truck Co., appearing by Messrs. Kerr & McCord, its attorneys. A jury of twelve persons was duly empanelled and sworn to try the cause and thereupon evidence was introduced by the plaintiffs and by the defendants; the jury was instructed by the court as to the law and after arguments of counsel, the jury retired to consider their verdict and thereafter on June 10, 1919, returned into court with their verdict wherein and whereby the jury found in favor of the plaintiffs and against the defendants in the sum of $625.00, which verdict was received and filed. Upon the filing of said verdict and before the entry of the judgment thereon, the court ordered and directed that judgment on said verdict be withheld pending the filing by the defendant Garford Motor Truck Co., a corporation, of a motion for judgment notwithstanding the verdict. Thereafter and before the entry of any judgment on said verdict, the defendant, Garford Motor Truck Co., a corporation, duly filed its motion for judgment notwithstanding the verdict of the jury. Thereafter said motion came on regularly for hearing and after argument of counsel thereon the said motion of the defendant, Garford Motor Truck Co., a corporation, was taken under advisement by the court and on August 9, 1919, the court filed a memorandum decision in words as follows, to-wit:

" 'I have concluded in this case, though with some grave doubts, to let the verdict stand. An exception will be allowed.'

"After the filing of said memorandum decision and before the entry of any order or judgment by the court in conformity therewith, the court at request of defendant on August 25th, ordered that the said motion of

the defendant, Garford Motor Truck Co., a corporation, for judgment notwithstanding the verdict of the jury be set down for further argument by counsel and consideration by the court, and thereafter said motion came on for further argument on the 6th day of December, 1919, and after argument by counsel the court announced a decision granting said motion of the defendant, Garford Motor Truck Co., a corporation, for judgment notwithstanding the verdict of the jury.

"Now therefore, in conformity with said decision it is now ordered, adjudged and decreed that the verdict of the jury returned and filed herein on the 10th day of June, 1919, so far as the same affects the Garford Motor Truck Co., be and it is hereby set aside and vacated; that notwithstanding the said verdict of the jury the plaintiffs take nothing from the defendant Garford Motor Truck Co., a corporation, and that the said defendant do have and recover its costs herein against the plaintiffs."

The present appeal is by the plaintiffs from this last mentioned judgment.

The appellants first contend that the judgment entered by the clerk is a valid and subsisting judgment, finally determining the rights of the parties to the action; that a final judgment when entered has, under our practice, the finality of a common law judgment after term, and is subject to vacation or modification only for the causes and by the procedure provided by statute for the vacation and modification of judgments, or by a suit in a court of equitable cognizance for causes recognized in equity as a ground for such vacation or modification; and hence the court was without power, on the mere motion of one of the parties, to enter in the cause another and different valid judgment.

If it were conceded that the judgment entered by the clerk was, when entered, a valid and subsisting judgment, doubtless the contentions of the appellants are sound. *Buffalo Pitts Co. v. Dearing,* 37 Wash. 591, 79

Pac. 1104; *Wagner v. Northern Life Ins. Co.,* 70 Wash. 210, 126 Pac. 434, 44 L. R. A. (N. S.) 338; *Anderson v. Anderson,* 97 Wash. 202, 166 Pac. 60; *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490.

But we are unable to concede that the judgment entered by the clerk was or is a valid judgment. By the statute (Rem. Code, § 431), the clerk is empowered without the express authority of the court to enter a judgment in a civil action tried by jury immediately on the return of the verdict, but his powers in that regard are confined to the time of the return of the verdict of the jury. It is within the power of the court to withhold the entry, and if it does so, the clerk may thereafter enter a judgment on the verdict only on the direction of the court; this, on the principle that the clerk is but a ministerial officer of the court and is without judicial powers, except as they may be expressly conferred on him by statute. Judgments and orders entered by him without either the authority of the statute or of the court, although entered in the journal of the court, are therefore nullities.

In the instant case, the clerk was ordered to withhold the entry of judgment on the verdict until the further order of the court, and there was no subsequent order to the clerk to enter a judgment unless such order is found in the memorandum decision of the court filed on August 9, 1919. But we cannot conceive that this is such an order. It contains no express words to that effect, and on its face it is but an announcement of a conclusion reached by the court. Its more natural interpretation is that it was intended for the information of the parties to the cause rather than as a direction to the clerk, leaving it open to the parties to take such further action in the cause as they might deem desirable. The plaintiffs in the action, since the ruling was in their favor, were privileged, of course, to apply to

the court for a judgment on the verdict, but it was equally the privilege of the other side to make another attack.

Since, therefore, the trial court did not regard its memorandum decision as an authorization to the clerk to enter a judgment on the verdict, but treated the judgment so entered as a nullity, and since we do not find any legal reason for compelling him to treat it otherwise, we are constrained to hold that the proceeding adopted by the judgment debtor to procure a further hearing was a proper proceeding for that purpose, and that the court did not err for the reason now discussed in entering a judgment in the cause. It may not be improper to add that the better practice would have been to enter an order setting aside the former judgment, even though it were a nullity, before proceeding to enter a second judgment.

We are clear, however, that the judgment is erroneous for other reasons assigned. As we have stated, the action arose from a collision between an automobile driven by the defendant W. H. Harkens and an automobile driven by the appellant Helen Buckley. It was sought to hold the defendant Garford Motor Truck Company liable for the act of Harkens on the theory that Harkens was in the employment of the motor truck company, and that the company was liable under the doctrine of *respondeat superior*. The motion of the company for judgment notwithstanding the verdict was based on the ground that the evidence was insufficient to charge the motor company with such liability, and it was on this ground that the trial court sustained the motion and entered the final judgment in its favor.

In this we think the court erred. The evidence we need not review at length. Briefly, it tended to show, and the jury were warranted in finding, that Harkens

at the time of the accident was in the employment of the motor company as a salesman of its motor trucks; that he received as compensation for his services the sum of one hundred and twenty-five dollars per month and a five per cent commission on the selling price of all sales of trucks made by him; that, while he owned the automobile which he was driving, he was allowed forty dollars per month for its upkeep; that he had no license authorizing him to drive the automobile as his own property, but drove it under the license of and as the property of the motor company; and that no restrictions were put upon him by the motor company as to the time when or the purposes for which he could drive the car.

It would seem that, under these conditions, it would be difficult to conceive of a circumstance when it could be said as matter of law that he was not driving the car as servant and agent of the motor company; but be this as it may, there was nothing in the particular circumstance that compels the conclusion. The facts shown were that, at the close of business on the day of the accident, Harkens left the company's place of business with the automobile for the purpose of going to his home; that, on leaving, he carried another employee of the company with him, going somewhat out of his direct route to put such employee off at a ferry; and that the accident happened while he was on his way home from the ferry. We cannot think, therefore, that the verdict was without evidence in its support, and it follows that the court erred in setting it aside for that reason.

Another reason for which the appellants may complain of the judgment is that it has left the case unconcluded. As the judgment entry of the clerk was a nullity because entered without the authorization of the court, and as the subsequent judgment entered by

the court affects the motor company only, the case stands without a judgment either for or against the other defendants. The judgment was therefore erroneous in this respect.

The appellant motor company moved for a new trial. This motion has not been determined. The judgment will be reversed and remanded with instructions to overrule the motion of the motor company for judgment notwithstanding the verdict, pass upon the motion of that company for a new trial, and proceed with the cause to a final determination.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.