[No. C. D. 520. Department One. April 9, 1923.]

IN THE MATTER OF THE PROCEEDINGS FOR THE DISBARMENT OF EARL W. HUSTED.[1]

Proceedings filed in the supreme court September 27, 1922, for the disbarment of an attorney, upon findings of the state board of law examiners against the accused. Dismissed.

PER CURIAM.—A complaint was filed against one Earl W. Husted with the state board of law examiners. A hearing was had by the board at which testimony was taken; and it was recommend that, unless Husted perform certain conditions, he be permanently disbarred from practicing law and that his name be stricken from the roll of attorneys. Since the findings and recommendation of the board were filed, Husted has fully performed the conditions imposed, and an order may therefore be entered dismissing the proceeding.

---

[No. 16793. En Banc. May 3, 1923.]

REUBEN DISHMAN, Respondent, v. C. R. WHITNEY et al., Appellants.[2]

Appeals from a judgment of the superior court for King county, Ronald, J., entered April 9, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

Donworth, Todd & Higgins, for appellant Grote-Rankin Company.
Lundin & Barto, for appellant Whitney.
Griffin & Griffin, for respondent.

PER CURIAM.—After the Department opinion in this case was filed, 121 Wash. 157, 209 Pac. 12, a petition for rehearing was presented and granted. Before the time fixed for the rehearing En Banc arrived, the parties entered into a stipulation reciting that the judgment "has been fully settled and satisfied, and that the appeal may be dismissed without costs to either party." Notwithstanding the fact that the case, after the petition for rehearing had been granted, did not come on for hearing En Banc, it should be noted that, in the Department opinion, a reference is made to the holding in the case of Buckley v. Harkens, 114 Wash. 468, 195 Pac. 250, which is not entirely accurate. By filing this brief memorandum it is not the intention either to approve or disapprove the Department opinion, except in so far as that opinion was not accurate in its discussion of the case mentioned.

[1]Reported in 214 Pac. 1119.
[2]Reported in 215 Pac. 71.