RAY A. WISNER, APPELLEE, v. MORRILL COUNTY, APPELLANT.

FILED JUNE 27, 1928. No. 26417.

*C. G. Perry*, for appellant.

*Coulter & Atkins, contra.*

Heard before GOSS, C. J., ROSE, DEAN and THOMPSON, JJ., and CHASE, REDICK and WHEELER, District Judges.

WHEELER, District Judge.

This action involves a dispute between a newspaper proprietor and Morrill county, Nebraska, over the proper charge for printing a delinquent tax list. The appellant, Morrill county, claims that the printing charge is governed by section 6052, Comp. St. 1922. This statute is a part of the revenue law, and after providing for the publication of the delinquent tax list states: "The treasurer shall add to each description of land so advertised, other than town lots, the sum of twenty cents and for each town lot the sum of ten cents, to defray the expense of advertising, which sum shall be added to the total amount due on such land or town lot for taxes and collected in the same manner as taxes."

The county is in error in its contention that this section prescribes the legal rate to be charged for printing. This section merely provides the charge to be made by the county against the delinquent taxpayer to reimburse the county in part for the cost of printing the tax list.

Section 2407, Comp. St. 1922, provides the legal rate for the publication of notices—ten cents a line for the first insertion and eight cents a line for subsequent inser-

tions. Figured under section 2407, appellee's compensation should be $711.98, as appellee claims, instead of $326.64, as the appellant claims under section 6052.

The judgment, however, must be reversed because of the refusal of the district court to permit appellant to introduce evidence to show the agreement of the parties as to the rate to be charged. The legal rate prescribed under section 2407 is only a maximum rate, or a rate which applies in the absence of a specific agreement. The entry in the record of the county commissioners of Morrill county for the year 1926: "There being no bids on file for county printing, the different newspapers were represented in person, asking for the full statutory rate for all work done. The board designated the Bayard Transcript and the Broadwater News the official papers for the year 1926, which includes the commissioners' proceedings, treasurer's semi-annual statement, and delinquent tax list" —does not constitute a contract between the county and the newspaper proprietors. In the absence of any contract the legal rate for publication of notices, as set forth in section 2407 of the statutes applies. As was said in *Phœnix Ins. Co. v. McEvony,* 52 Neb. 566: "We know of no law which compels a printer to charge the full legal rate." The cases cited by appellee, *Kemerer v. State,* 7 Neb. 130, *State v. Roderick,* 25 Neb. 629, and *Logan County v. Doane,* 34 Neb. 104, as prohibiting any variation from the prescribed legal printing rate, do not apply to the case at bar. These cases merely hold that there can be no variance in the fees prescribed for a county clerk, county treasurer, and sheriff. There is no reason why the county by special agreement should not have its printing done as cheaply as possible; either by letting the same at a public bidding or by special contract.

It was the duty of the newspaper to publish the list exactly as submitted by the county treasurer, consequently the computation of the lines as 5,102 was correct. The published tabulation was a convenient form, and on the whole it was better to place the word "Block" at the top of

the column and the list of lots thereunder than to describe each parcel with its block as well as the lot number.

Reversed and remanded to the district court, with directions to take further evidence, to apply the rate prescribed in section 2407, if no special contract is proved, and to apply the contract rate if a contract is shown.

REVERSED.