[No. 22936. Department Two. March 16, 1931.]

W. W. NETTLESHIP, *Respondent,* v. J. E. SHIPMAN *et al.,*
*Defendants,* REID BROTHERS, INCORPORATED,
*Appellant.*

K. B. PANCHOT, *Respondent,* v. J. E. SHIPMAN *et al.,*
*Defendants,* REID BROTHERS, INCORPORATED,
*Appellant.*[1]

*Peters, Evans & McLaren* and *W. Byron Lane,* for
appellant.

*G. E. Clark,* for respondent.

BEALS, J.—At the hour of noon, November 23, 1928,
W. W. Nettleship and K. B. Panchot were riding in a
small truck, owned and driven by Mr. Nettleship,
which was proceeding in a general northwesterly di-
rection along the Inland Empire Highway at a point

[1] Reported in 296 Pac. 1056.

about a mile and a half north of Wallula. Defendant J. E. Shipman, a salesman in the employ of defendant Reid Bros., Inc., a wholesale dealer in hospital and surgical supplies, was proceeding in the same direction in his Hudson coupe, and, in attempting to pass the truck, struck its left front wheel, wrecking the truck and injuring Messrs. Nettleship and Panchot, each of whom thereafter sued Mr. and Mrs. Shipman and Reid Bros., Inc., for damages.

The two actions were, by stipulation, consolidated, and were tried to the court sitting without a jury, the court granting judgment in favor of each plaintiff and against both defendants, the court being of the opinion that the accident was the result of Mr. Shipman's negligence, and that his employer was liable therefor under the doctrine of respondeat superior. From judgments in favor of the respective plaintiffs, defendant Reid Bros., Inc., appeals. By stipulation, the consolidation of the cases is maintained in this court.

Mr. Shipman was, during the month of November, 1928, when the accident occurred, and for some time prior thereto had been, in the employ of appellant as a traveling salesman, covering a district comprising the entire state of Montana and a considerable portion of the state of Washington. He was compensated by what appellant calls a "drawing account", and respondents call a "salary", of three hundred seventy-five dollars a month, and in addition, if, at the end of each year, an agreed percentage of the volume of his gross sales exceeded the amount he had received, he would be paid the difference.

Mr. Shipman, in covering his territory, paid his own transportation and subsistence, and was free to use any method of transportation he desired. To a considerable extent, he used his own automobile, which he was buying under contract, he paying for the li-

cense and all expenses in connection with the car and the use thereof. He also used railroads or stages, as suited his convenience.

The goods handled by appellant were sold by its agents, including Mr. Shipman, largely to hospitals and doctors, orders taken by Mr. Shipman being by him sent to appellant for confirmation. Prices were fixed by appellant, but its salesmen could on occasion, if in their discretion it was advisable, cut the list prices to some extent. Payments for the goods sold were made directly to appellant, who billed the purchasers therefor.

Appellant exercised at least some control over Mr. Shipman in the exploiting by him of his territory; it is evident that he was required to cover certain portions thereof once every thirty or sixty days, and that he was supposed to go to Montana three times a year. This control was very general in its nature, appellant being interested only in the results its agents produced, and it is evident that Mr. Shipman was, generally speaking, free to tour his territory at such times and to such extent as he deemed most advantageous.

Appellant knew that Mr. Shipman owned and often used, in the prosecution of his business, an automobile, but appellant did not instruct him to purchase a car, nor did it at all concern itself with the means of transportation adopted by its salesmen on any particular trip, or in covering any particular territory. Appellant's officers could tell, with some degree of accuracy, by the volume of orders sent in by one of its salesmen, and from the places the orders were taken, whether or not such employee was devoting a proper amount of his time and attention to his work, but it does not appear that any particular check was made by appellant over its traveling salesmen, other than some such general observation.

Defendants Shipman did not appeal, the sole question being whether or not, under the evidence, appellant is liable to respondents for the negligence of Mr. Shipman in the operation of his automobile. It is admitted that, on the day of the accident, Mr. Shipman was engaged in his regular employment, going from one city to another within his district for the purpose of selling appellant's goods. Appellant contends that, under its contract with Mr. Shipman, and because of the measure of its control over him and the limited nature and extent thereof, it is not liable for his negligence, while respondents argue the contrary.

Mr. Shipman made no daily reports to appellant concerning either his sales or his whereabouts. He was free to exercise his own judgment as to how long he would stay in any particular place in the endeavor to sell goods; neither did he in his work observe any hours, either for work or travel, but, as to all such matters, was governed by his own discretion and inclination.

The question of whether or not the doctrine of respondeat superior applies in particular cases in which recovery has been sought against an employer because of alleged negligence on the part of his agent, is often one of considerable difficulty. Whether or not the agent is an independent contractor for whose negligence the principal is not responsible, or a simple employee for whose carelessness the employer must respond in damages, frequently depends upon rather refined distinctions, and requires careful and discriminating study in order that each case may be placed within its proper classification.

In the early case of *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136, this court, in considering the liability of the city for the alleged negligence of a partnership engaged in the construction of a cement sidewalk pur-

suant to a contract, quoted the following from 16 Am. & Eng. Ency. Law (2d ed.), pages 187-188:

"Generally speaking, an independent contractor is one who, in rendering services, exercises an independent employment or occupation, and represents his employer only as to the results of his work, and not as to the means whereby it is to be accomplished. The word 'results,' however, is used in this connection in the sense of a production or product of some sort, and not of a service. . . . A reservation by the employer of the right by himself or his agent to supervise the work for the purpose merely of determining whether it is being done in conformity to the contract does not affect the independence of the relation."

In that case, it was held that the city was not liable for the negligence of the contractor, and that the doctrine of respondeat superior did not apply.

In the case of *Cary v. Sparkman & McLean Co.*, 62 Wash. 363, 113 Pac. 1093, in which it was sought to hold the defendant, as owner of the real property, for damages suffered by a pedestrian who fell into an excavation in the street made by a contractor, who was constructing a building for the defendant, a judgment rendered in plaintiff's favor upon the verdict of a jury was reversed, for the reason that the person constructing the building was an independent contractor, for whose negligence the owner of the property was not liable.

In the case of *Macale v. Lynch*, 110 Wash. 444, 188 Pac. 517, the following state of facts was presented: Plaintiff, a minor, was injured as the result of a fall from a truck upon which he was surreptitiously taking a ride. The truck, owned and operated by defendant, and in charge of its driver, who was defendant's agent, was engaged in the delivery of potatoes owned by one Barnes, who had hired the truck and driver from defendant for the purpose of dis-

tributing his produce in the city of Seattle. Mr. Barnes was riding on the truck at the time of the accident, and was instructing the driver as to the points of call and delivery. Mr. Barnes did not operate the truck, he gave no directions as to the speed at which it should proceed, nor did he assume any control over the truck, save to designate its stops.

It was held that the evidence warranted a finding on the part of the jury that the driver of the truck was acting as the defendant's agent, and not as the agent of Mr. Barnes. The judgment in favor of the injured minor was, however, reversed, with instructions to dismiss the action, it appearing that there was no competent or admissible testimony sufficient to support a finding that the driver had acted wilfully, wantonly, or even without ordinary care. The opinion of the court is of interest, in so far as it discusses the questions of whether or not the driver was under the immediate control of Mr. Barnes, and whether the defendant could be held liable for the driver's negligence, if any.

In the case of *Machenheimer v. Department of Labor and Industries,* 124 Wash. 259, 214 Pac. 17, this court, sitting *En Banc,* held that a member of a copartnership employed by a logging company at the camp of the logging company, working the same hours as other employees, subject to the orders of the superintendent with power of discharge, whose pay checks were made out to the copartnership of which he was a member, which copartnership. designated the member thereof who should do the work, was an independent contractor, and not an employee within the meaning of the industrial insurance act.

Respondents cite certain opinions of this court, among them the following:

In the case of *Glover v. Richardson & Elmer Co.,*

64 Wash. 403, 116 Pac. 861, it was decided that whether or not a teamster who with his team had been employed by defendant in connection with its business of manufacturing and delivering doors, finished lumber, etc., was the servant of defendant or an independent contractor, was a question for the jury. In its opinion, the court quotes from volume 1, Shearman & Redfield on Negligence (5th ed.), p. 246, § 164, as follows:

"The true test of a 'contractor' would seem to be, that he renders the service in the course of an independent occupation, representing the will of his employer only as to the *result* of his work, and not as to the means by which it is accomplished."

In the case of *Norwegian Danish Meth. Episc. Church v. Home Telephone Co.*, 66 Wash. 511, 119 Pac. 834, it was held that a *prima facie* case of agency had been shown, and that the burden of proof rested upon the defendant to show that the work which resulted in injury to the plaintiff was being performed by an independent contractor.

In the case of *Buckley v. Harkens,* 114 Wash. 468, 195 Pac. 250, it appeared that Mr. Harkens, while driving an automobile along a street in the city of Seattle, ran into a car driven by the plaintiff, causing damages for which she sued both Mr. Harkens and his employer. The jury found for the plaintiff against both defendants, which judgment was upheld by this court, subject to the right of the trial court to pass upon defendant's motion for a new trial.

Plaintiff sought to hold the employer under the doctrine of respondeat superior. It appeared that Mr. Harkens was in its employ as a salesman finding purchasers for its motor trucks; that he received as compensation one hundred twenty-five dollars per month and five per cent commission on the selling price of

trucks sold by him; that he owned and drove his own automobile, but was allowed forty dollars per month for its upkeep; and that he drove the same under a license issued to his employer, being unrestricted as to the time when or the purposes for which he should drive the car. Just prior to the accident, Mr. Harkens departed in his car from his employer's place of business, intending to proceed to his home. He took with him another employee of the company, for whose convenience he deviated somewhat from the direct route to the place of his abode. It was held that, under the evidence, it was for the jury to determine whether or not the employer was liable for Mr. Harkens' negligence.

The case last cited was relied upon in the opinion rendered by this court in the case of *Dishman v. Whitney,* 121 Wash. 157, 209 Pac. 12, 29 A. L. R. 460, in which a judgment in favor of the plaintiff rendered against a salesman and his employer, for damages occasioned by the negligence of the former, was affirmed. After the filing of the decision, a rehearing was granted, and, pending reargument of the case, the litigation was terminated by stipulation of the parties. In an *En Banc* opinion by the court (124 Wash. 697, 215 Pac. 719), attention was called to the fact that the reference to the holding of the court in the case of *Buckley v. Harkens, supra,* was not, in all respects, accurate, but, as the action had terminated, the Departmental opinion was neither approved or disapproved, and the same still stands in that rather anomalous situation, as the opinion, not of the court, but of the judges who signed the same.

In the Dishman case, it appeared that the salesman was employed for the purpose of selling furnaces in the city of Seattle. At the time of his employment, he was informed as to the hours during which his em-

ployer's store was kept open, and, as the opinion states, it was a reasonable inference that, during these hours, he was expected to devote his entire time to the business of his employers. In connection with his work, he used an automobile, which was his property, or at least within his exclusive control. He received a stipulated sum per week by way of compensation, together with a small commission on sales. He had no authority to close a contract, any purchaser found by him being required to go to the employer to close the deal. In the course of his employment, in an endeavor to sell a furnace, he called, during the evening hours, upon a prospective purchaser, and, by his negligence in the operation of his car, injured a third party.

The Department of this court to which the case was argued affirmed the judgment of the trial court rendered in plaintiff's favor upon the verdict of the jury.

In the recent case of *Swam v. Aetna Life Insurance Co.,* 155 Wash. 402, 284 Pac. 792, it was held that a workman engaged in making inconsequential repairs to a windmill on a farm was an employee and not an independent contractor, and that an insurance company was liable to the widow of the workman who was killed by a fall in the course of his employment, the policy of insurance written covering injuries to the employees of the assured.

Respondents rely upon the recent case of *Wilson v. Times Printing Co.,* 158 Wash. 95, 290 Pac. 691. This case involved the liability of an employer for the negligence of a seventeen-year-old lad, who undertook to deliver the defendant's newspaper along a rural route approximately forty-five miles in extent, furnishing his own automobile, for which service, including the use of the car, he was to receive a monthly stipend. An officer of the defendant newspaper instructed the carrier as to several details connected with the delivery

of the papers, the time within which the deliveries were to be accomplished being fixed by the defendant. In view of the measure of control exercised by the employer over the carrier, and other matters as stated in the opinion, it was properly held that the latter was not an independent contractor, but was a servant of the defendant, for whose negligence in the operation of his automobile while engaged in the delivery of the newspapers, the defendant was liable.

Of the foregoing cases relied upon by respondents, the facts presented in the case of *Dishman v. Whitney* more nearly approximate the situation disclosed by the record before us than do the facts of the other cases. In the *Dishman* case, however, the agent of the defendant for whose negligence it was sought to hold the defendant liable was employed within the same city in which the defendant maintained its place of business, and was evidently more closely under the immediate direction and control of his employer than was defendant Shipman in the case at bar. We do not feel that the rule upon which the *Dishman* case was decided should be extended, and, in our opinion, to hold that the case at bar should be affirmed would materially extend the doctrine therein promulgated.

From the opinion in *Buckley v. Harkens, supra,* it appears that the employer itself took out the license on its salesman's car, and allowed him forty dollars a month for its upkeep. These facts differentiate that case from the case at bar, and we hold that the case cited is not controlling here.

Decisions from other jurisdictions, which throw some light upon the question here to be determined, are cited, which decisions we shall now consider.

The supreme court of Alabama, in the case of *Aldrich v. Tyler Grocery Co.,* 206 Ala. 138, 89 South. 289, held that a city salesman in the employ of a grocer,

owning and maintaining his own automobile, not under the control of the grocer as to when, how or where he secured orders within the territory assigned to him, could not subject his employer to liability for his negligence in occasioning the death of a pedestrian, run down by the salesman in the operation of his machine while endeavoring to procure orders for the grocer.

In the case of *Gall v. Detroit Journal Co.*, 191 Mich. 405, 158 N. W. 36, the supreme court of Michigan held that the publisher of a newspaper was not liable for the negligence of one of its carriers, using his own automobile to deliver the defendant's papers over a designated route, the newspaper reserving no right of control as to means or method of delivery, no time schedule being prescribed within which the papers should be delivered, the only instruction upon this branch of the service rendered by the employee being a posted notice, requiring the deliverymen not to exceed the speed limit fixed by law.

In the case of *James v. Tobin-Sutton Co.*, 182 Wis. 36, 195 N. W. 848, the supreme court of Wisconsin held that an agent selling cars on commission, having a limited drawing account, required to own and operate his own car for demonstration purposes, at liberty to sell cars anywhere within a designated county, was an independent contractor, for whose negligence in the operation of his automobile the employer was not liable.

The supreme court of New Hampshire, in the case of *McCarthy v. Souther*, 83 N. H. 29, 137 Atl. 445, in a well written opinion, discusses the law in connection with the responsibility of the principal for his agent's torts, and the doctrine of respondeat superior as applicable thereto, and, in discussing the particular question then before the court, said:

"Whether Souther's relationship with his employer was one of independent contract, or whether he was an agent or servant, or whether his engagement partook of both relations, is therefore not strictly determinative of his employer's liability. The decisive inquiry is whether the employer had any control over Souther in the management and operation of the latter's automobile. If the evidence leaves it doubtful whether control and direction in respect to the details of the work is reserved, the question is to be resolved as one of fact. *Winslow v. Wellington,* 79 N. H. 500, 111 A. 631. See, also, *Paro v. Whitefield Sav. Bank & Trust Co.,* 77 N. H. 394, 396, 92 A. 331.

"Upon this issue there is no evidence whatever to show any such control. Souther owned the car and was entitled to its exclusive possession. So far as appears, his contract of employment gave his employer no right of direction for any use of the car by others, and he was to maintain and run it as his personal affair. The allowance made for expenses implied no right and no liability on the employer's part in respect to its maintenance and operation. No authority for the employer to direct Souther how to run the car is to be inferred from the relations between them, and the employer had no more charge or control over Souther's means and manner of transportation than if the travel had been by train. While the employer might assign the routes and times for Souther's trips with the car, it might not direct how the trips should be made, or how the car should be managed. The employer, having no right, if present, to direct Souther in the way he ran and used the car, is not liable for the way it was run and used. How the car was run was its affair only in the sense of its interest in the results obtained from proper operation, and that interest was no evidence of a right to run it, or to say in what way it should be run as to the details of operation. A directed verdict for the employer should have been ordered."

The supreme judicial court of Massachusetts, in the case of *Pyyny v. Loose-Wiles Biscuit Co.,* 253 Mass. 574, 149 N. E. 541, reversed a judgment entered by

the trial court in favor of the plaintiff and against an employer, for the admitted negligence of an agent in the operation of an automobile used by the agent in the course of his employment as a salesman. In this case, the salesman received compensation by way of a salary and commissions, and was also paid the expense of operating his car, for which he himself obtained the license required by law. It was held that the defendant was not liable for the negligence of its salesman, and the entry of judgment in favor of the defendant was directed.

In the case of *Dohner v. Winfield Wholesale Grocery Co.*, 116 Kan. 237, 226 Pac. 767, the supreme court of Kansas held that a grocer was not liable, under the doctrine of respondeat superior, for the negligence of a salesman selling its goods throughout a designated territory, for which he received compensation in nature very similar to that received by Mr. Shipman in the case at bar, out of which compensation he paid his own traveling expenses, he being at liberty to select any method of transportation he might choose, the salesman having injured the plaintiff through the negligent operation of his automobile.

In the late case of *Khoury v. Edison Elec. Illuminating Co.*, 265 Mass. 236, 164 N. E. 77, 60 A. L. R. 1159, the supreme court of Massachusetts, in a well considered opinion, held that the defendant was not liable for the negligence of one Parnell, who owned and operated his own automobile, for negligence in the operation of the car resulting in injuries to the plaintiff in the action, it appearing that Parnell, who received a fixed weekly wage, with regular hours of employment, was at the time of the accident on duty in accordance with the terms of his employment, using his automobile in his master's business, he being allowed when he so used his car what he would other-

wise be required to pay for railroad transportation, the defendant exercising no control over Parnell in the operation of his automobile, nor having any responsibility for the condition of its brakes, lights, etc.

The following authorities are also in point upon this question: *Giroud v. Stryker Transp. Co.,* 104 N. J. Law 424, 140 Atl. 305; *Badger Furniture Co. v. Industrial Commission,* 200 Wis. 127, 227 N. W. 288; *Howitt v. Hopkins,* 219 App. Div. 653, 220 N. Y. Supp. 462; *Barton v. Studebaker Corporation of America,* 46 Cal. App. 707, 189 Pac. 1025; *Ramp v. Osborne,* 115 Ore. 672, 239 Pac. 112; *McCraner v. Nunn,* 129 Kan. 708, 284 Pac. 605.

In the case at bar, the defendant Shipman could cover his designated territory by any means which he deemed adequate, and, in so doing, he paid all of his own expenses. The automobile which he was driving at the time of the accident was his own property, or, at least, was being purchased by him under a contract of conditional sale, in which appellant was not concerned. Mr. Shipman took out the license for the car himself in his own name, and paid all necessary expenses in connection with the upkeep and operation of the machine.

The question here presented is not free from difficulty, but we conclude that the better rule is that, under the circumstances disclosed by the evidence contained in the record in this action, appellant should not be held liable to respondent under the doctrine of respondeat superior, and that the judgments in favor of respondents and against appellant must be reversed, and the actions, as to appellant, dismissed. It is so ordered.

FULLERTON, MILLARD, and BEELER, JJ., concur.

TOLMAN, C. J., dissents.