[No. 26837.   Department Two.   December 15, 1937.]

J. G. BOURUS, *Appellant*, v. S. G. HAGEN *et al.,*
*Respondents.*[1]

*W. Glenn Stoneman,* for appellant.

*Ralph S. Pierce* and *Gordon H. Sweany,* for respondent Seattle Association of Credit Men.

BLAKE, J.—Defendant Hagen was employed by defendant Seattle Association of Credit Men. When driving to work one morning, his car collided with the car of plaintiff. The latter brought suit against Hagen and his employer for damages on account of injuries sustained as a result of the collision. At the close of plaintiff's case, the defendant Seattle Association of Credit Men interposed a challenge to the sufficiency of the evidence, which the court granted. From judgment dismissing the action as to that defendant, plaintiff appeals.

The sole question to be determined is whether or not

[1]Reported in 74 P. (2d) 205.

Hagen was in the course of his employment at the time of the collision.

The essential facts upon which the question must be answered are: That Hagen was required to report for work at the office of his employer at eight-thirty a. m.; that he was driving his own car; that his employment embraced the development of membership in the association, collections, and investigational work; that a car was necessary for the performance of his work; that he used his own car, for the use of which his employer paid him thirty dollars a month over and above his salary; that the employer did not furnish him a place to keep the car during, before, or after hours of work; that his day's work ended at five o'clock; that he was not on call before eight-thirty a. m. nor after five p. m., although it would appear that, in developing out-of-town memberships, he may have at times used the car about his employer's business before eight-thirty a. m. or after five p. m.; that he was in no wise restricted in the use of his car by reason of the allowance for upkeep; that, at the time of the collision, he was not about his employer's business, unless it may be said that, in making the trip from his home to his employer's office to report for work, he was in the course of his employment.

The rule supported by the weight of authority is that an employee, merely going to or from work in his own car, is not in the course of his employment, even though he may be allowed compensation by the employer for the use of the car in and about the latter's business. 5 Blashfield, Cyc. of Automobile Law and Practice, § 3041; *Nagy v. Kangesser,* 32 Ohio App. 527, 168 N. E. 517; *Hantke v. Harris Ice Mach. Works,* 152 Ore. 564, 54 P. (2d) 293; *Collier & Son Distributing Corp. v. Drinkwater,* 81 F. (2d) 200.

The rule is supported, by analogy at least, in our own

workmen's compensation cases, holding that a workman going to or from work is not in the course of his employment. *Brown v. Department of Labor & Industries,* 135 Wash. 327, 237 Pac. 733; *MacRae v. Department of Labor & Industries,* 185 Wash. 343, 54 P. (2d) 1017; *Wood v. Chambers Packing Co.,* 190 Wash. 411, 68 P. (2d) 221.

In discussing this group of cases, appellant points to the exception to the rule, which is that an employee is in the course of his employment when riding to or from work in a vehicle furnished by the employer for their mutual benefit in furtherance of the work. The exception is grounded in an express or implied agreement on the part of the employer to furnish the employee transportation to or from work. *Venho v. Ostrander R. & Timber Co.,* 185 Wash. 138, 52 P. (2d) 1267. The holding of the employer liable in the case of *Carlson v. Collier & Son Corp.,* 190 Wash. 301, 67 P. (2d) 842, was based upon such an agreement. But we think it clear the case at bar does not fall within the exception.

Appellant cites a number of cases, some of which, upon a casual reading, seem to be at variance with what we have stated to be the general rule, that is, that an employee, merely driving to or from work in his own car, is not within the course of his employment. We think these cases comprise exceptions to the rule by reason of special circumstances, as where the employee is subject to call at any time (*Steinmetz v. Saathoff,* 84 S. W. (2d) (Mo. App.) 437; *Morris v. Department of Labor & Industries,* 179 Wash. 423, 38 P. (2d) 395); or where the employer, to all intents and purposes, takes over the machine as a part of his own equipment and permits the employee to use it in going to and from work, as an incident to the employment (*Silent Automatic Sales Corp. v. Stayton,* 45 F.

(2d) 471; *Buckley v. Harkins,* 114 Wash. 468, 195 Pac. 250).

Appellant places much reliance in the latter case, but we think it is clearly distinguishable from the instant case. The facts in that case, in all essential respects, save one, are practically identical with the facts in this case. But the differentiating fact places the case in the category above indicated. It is stated by the court (p. 475) as follows:

" . . . that he [the employee] had no license authorizing him to drive the automobile as his own property, *but drove it under the license of and as the property of the motor company;* . . . " (Italics ours.)

Appellant also stresses the case of *Dishman v. Whitney,* 121 Wash. 157, 209 Pac. 12, 29 A. L. R. 460. By reference to *Dishman v. Whitney,* 124 Wash. 697, 215 Pac. 71, it will be found that the force of that case as authority is lost through the fact that a petition for rehearing was granted and the case was settled without being heard *En Banc.* We may say, however, that it is clearly distinguishable from the instant case on the facts. Although the accident occurred after the employee's regular hours of employment, he was in fact engaged about his master's business.

Since there is nothing in the facts of this case to take it out of the general rule that an employee, going to or from work in his own car, is not in the course of his employment, the judgment will be affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.