REQUESTED BY: Dear Senator:
You have requested our opinion on the constitutionality of a proposed piece of legislation regulating the charges for legal advertising. The proposed legislation would amend section 33-141, R.R.S. 1943. Section 33-141, R.R.S. 1943, presently provides that the legal rate for publication of all legal notices is 24 cents a line for the first insertion and 20 cents a line for subsequent insertions. This present statute regulates all areas of the state with regard to publication of legal fees and is in direct line from a statute enacted in 1871 which provided "for printing and publishing legal advertisement in newspapers as follows: Each square, of ten lines, for the first insertion one dollar. Each subsequent insertion, for each square of ten lines, fifty cents. Each legal advertisement under ten lines shall be deemed a square, and each fractional part of a square shall be counted as a full square. For publishing lists of lands upon which taxes are delinquent, each description twenty cents. For publishing list of town lots on which taxes are delinquent, each description ten cents; provided, that the County Commissioners of Otoe County have control of printing the delinquent tax list in said county.' Chapter 28, section 17, Compiled Statutes, 1875.
From time to time the statutes regulating the rate at which legal notices are to be published has been amended. However, from the earliest days of the state there has been a statute which regulated the rate at which publishers were to be paid for the publication of legal notices. The Supreme Court considered the effect of such statutes inWisner v. Morrill County, 117 Neb. 324, 220 N.W. 280
(1928). In that case the Supreme Court stated that the rate specified by statute was the maximum rate that may be paid. However, if a contract could be negotiated providing for publication at a lower rate, the county was free to do that.
No case has directly considered the constitutionality of statutes regulating the cost of advertising that may be paid in Nebraska. However, other statutes have construed such statutes and found them to be constitutional. See,Record Publishing Company v. Monson, 213 P. 13, 215 P. 71,123 Wn. 569.
The proposed legislation about which you raise a question provides that counties having a population of more than 275,000 may pay a maximum rate for the publication of legal notices equal to the publisher's standard rate for classified advertising. Several cases in Nebraska have considered classifications based on population totals. In some cases such classifications have been upheld. See, Dorrance v.Douglas County, 149 Neb. 685, 32 N.W.2d 202. In other cases such classifications have been struck down. The classification made must bear some reasonable relationship to the proper exercise of the police powers of the state. In our view the classification here proposed is of questionable validity. See Opinions of the Attorney General, 1959-1960, March 20, 1959, Opinion No. 46.
A question may also be raised in authorizing a maximum rate to be the standard rate for classified advertisements. This arguably could be an improper delegation of authority to a private citizen to determine the maximum rate for legal publications. Where that determination is made by a single entity in circumstances not significantly different from all other legal newspapers within the state, some difficulty is presented.
Thus, our opinion is that the Legislature has in the past and may continue to regulate the maximum rate to be paid for legal advertising within the State of Nebraska. However, where classifications are to be made, they must be reasonable and properly related to a valid exercise of legislative authority. Thus, the classification proposed in the proposal you have provided to us is of questionable constitutional validity.