DILLON *et al.* v. HUNT, *Appellant.*

1. **Negligence**: REMOVING WALLS OF HOUSE: PETITION, SUFFICIENCY OF. A petition in an action for damages caused by the falling of the walls of defendant's house, left standing after a fire, on the adjoining one of plaintiff, is good on demurrer, which charges the ownership and possession and control of the falling house to be in defendant, his knowledge of its condition, that he permitted and allowed certain persons to enter upon the premises for the purpose of removing the walls and chimneys and abating said nuisance, that said persons tore down said walls, and in doing so negligently and unskillfully pushed, or threw, or caused the same to fall over and upon said house occupied by the plaintiff, thereby causing the damage.

2.  **Petition**: INFERENCE FROM FACTS ALLEGED. The existence of the relation of master and servant between defendant and the persons who were taking down the walls is inferable from the allegations of the petition.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Noble & Orrick* for appellant.

1.  The rule of construction applicable to this petition is, that its averments are to be taken most strongly against the plaintiffs, and, in matters of doubt, they are to be resolved in favor of the defendant. 2. The petition does not aver that the parties causing the injury to the plaintiffs were the servants of the defendant, but, on the contrary, that they were acting for themselves, and that the defendant was not their superior. 3. To have made the petition a good petition, it should have shown distinctly, by direct averments, that the persons who caused the injury were acting under the employment of the defendant. This it not only does not do, but avers in effect the contrary. 4. The case as stated falls within the rule that the owner is not responsible for damages done on or by use of real estate, when the relation of master and servant does not exist between him and the person causing the injury. *Berry v. St. Louis*, 17 Mo. 125 ; *Morgan v. Bowman*, 22 Mo. 546; *Clark v. Railroad Co.*, 36 Mo. 228; Wharton on Neg., § 818; Thompson on Neg., §§ 914, 915. 5. The petition exhibits on its face a case of negligence by the plaintiffs, and they cannot recover in any event. *Crawshaw v. Sumner*, 56 Mo. 517.

*C. P. & J. D. Jonhnson* for respondents.

The petition, in substance, charges that the appellant was the owner and in possession of certain fixed property in the city of St. Louis, and that he knowingly permitted

others, not his contractors, to use it in a manner to work an injury to the adjoining property of respondent. Respondents contend that, under the facts stated in the petition, the law made it the duty of the appellant to so use and manage the property in question that injury would not result to the rights or property of others, and that, failing in this duty, the law holds him accountable for the injuries resulting therefrom. See *Althorf v. Wolfe*, 22 N. Y. 359; *Vincett v. Cook*, 11 N. Y. Sup. Ct. (4 Hun.) 318; *Benson v. Saurez*, 43 Barb. 408; *Gorham v. Gross*, 125 Mass. 237, and cases cited; *Dorritz v. Rapp*, 72 N. Y. 307; 1 Thompson on Neg., p. 278; *Robbins v. Chicago*, 5 Wall. 667, 678; *Chicago v. Robbins*, 2 Black. 418, 428; *Tarry v. Ashton*, 1 Q. B. Div. 319; *Pickard v. Smith*, 10 C. B. (N. S.) 472; *Fletcher v. Ryland*, L. R. 1 Ex. 280; *Hole v. Sittingbourne*, 6 H. & N. 488, 500; *Butler v. Hunter*, 7 H. & N. 826, 833; *Chauntler v. Robinson*, 4 Exch. 163, 170; *Bower v. Peatec*, 1 Q. B. Div. 321; Charter of the City of St. Louis, Appendix, 2; R. S. of Mo., p. 1588, § 26 subd. 12; Rev. Ordinances of the City of St. Louis, 1881, p. 399, § 32. The respondents' right of action is based upon the maxim of *sic utere tuo ut alienum non laedas*. As it does not appear from the petition that the parties who tore down appellant's walls were his contractors for doing the work, the rule of *respondant superior* is not involved in the consideration of the case. *Althorf. v. Wolfe*, 22 N. Y. 359; *Gray v. Boston*, 114 Mass. 153; *Vincett v. Cook*, 11 N. Y., Sup. Ct. (4 Hun.) 318; *Benson v. Saurez*, 43 Barb. 408; *Robbins v. Chicago*, 5 Wall. 667; *Gorham v. Gross*, 125 Mass. 237. The charter and ordinances of the city of St. Louis also imposed on appellant the duty of removing the walls from the premises without injury to others. City Charter, 2 R. S. 1879, p. 1588, § 26; Rev. Ordinances, 1881, p. 399, § 32; *Dorritz v. Rapp*, 72 N. Y. 307.

EWING, C.—Plaintiff had a store on Fourth street in St. Louis, and the defendant owned the adjoining house

which was accidentally burned. Plaintiffs sued defendant, and after making other necessary averments proceed as follows:

"Plaintiffs further state that on or about the 14th day of November, 1877, the interior and combustible portions of said building owned by defendant, as aforesaid, were destroyed by fire, and certain interior and exterior brick walls and chimneys were left standing; that from the time of said fire until the 17th day of November, 1877, said walls and chimneys were, as the defendant then and there well knew, in an unsafe, insecure and dangerous condition and were a nuisance, and liable at any time to fall over and upon adjoining premises and cause injury to the persons and property of others; that the defendant was then and there in possession of said premises and the said walls and chimneys situated thereon, and had full and exclusive control and direction thereof; that on or about the 17th day of November, 1877, said defendant allowed and permitted certain persons to enter upon said premises for the purpose of removing said walls and chimneys and abating said nuisance; and said persons tore down said walls, and in so doing negligently and unskillfully pushed or threw or caused the same or portions thereof to fall over and upon the said house occupied by said plaintiffs as aforesaid, thereby crushing and destroying said house, and covering the said chattels contained therein with the debris thereof and of the said walls and chimneys, and that their act inured to his benefit; and that it was the duty of said defendant to abate said nuisance and remove said walls and chimneys in a proper manner and without detriment to another. And plaintiffs aver that said defendant either knew, or had good reason to know, that said persons who undertook to tear down said walls intended to adopt, and did adopt, an improper, unsafe and dangerous method of removing and tearing down the same, and nevertheless, said defendant wholly neglected his duty as the owner of said premises, as aforesaid, knowingly permitted said work to be proceeded with,

with the result aforesaid." And then closing with an appropriate statement of, and prayer for damages.

Defendant demurred, on the ground that the petition did not state facts sufficient to constitute a cause of action, which was sustained.

The plaintiff declining to plead further there was judgment on the demurrer for the defendant, whereupon the plaintiff appealed to the St. Louis court of appeals. That court reversed the judgment of the circuit court and the defendant is the appellant here.

The sole question is the sufficiency of the petition. The cause of action, if stated at all, must be substantially in that clause which says "said defendant allowed and permitted certain persons to enter upon said premises, for the purpose of removing said walls and chimneys and for the purpose of abating said nuisance, and said persons tore down said walls; and in so doing negligently and unskilfully," etc. The petition does not allege plainly that the "persons" referred to were the agents and servants of the defendant, so as to clearly bring the defendant within the rule of *respondeat superior.* Nor does it go far enough to charge that the "persons" who negligently and unskilfully pulled down the wall were employed by the defendant as contractors. It seems to be an effort to state a cause of action as an exception to the broad rule well established in this State by the leading case of *Barry v. City of St. Louis,* 17 Mo. 121, and followed afterwards in *Morgan v. Bowman,* 22 Mo. 538, and *Clark v. H. & St. J. R. R. Co.,* 36 Mo. 205.

In *Barry v. City of St. Louis,* the proposition is laid down that "one person is not liable for the acts or negligence of another, unless the relation of master and servant exist between them; and when an injury is done by a party exercising an independent employment, the person employing him is not liable. The only inquiry is, as to the relation between the parties. When that is decided the question is solved.

In that case the city of St. Louis contracted with

Peter Brooks for the construction of a sewer. The general right of the city engineer to inspect the work was reserved in the contract. In the progress of the work a deep trench was cut; and Barry whilst lawfully going along the street, without negligence on his part, fell into the ditch and broke his leg, because of the negligence of the defendant (the city) in not furnishing lights, or other warnings, of the exposed condition of the street. It was held that the city was not liable.

The pleader seems to have been endeavoring to state a case within the rule, now well established, that when the owner of land undertakes to do a work, which in the ordinary mode of doing it, is a nuisance, he is liable for any injuries which may result from it to third persons, though the work is done by a contractor, exercising an independent employment, and employing his own servants. But when the work is not in itself necessarily a nuisance, and the injury results from the negligence of such contractor or his servants in the execution of it, the contractor alone is liable, unless the owner is in default in employing an unskilful or improper person as contractor. Wharton on Negligence, § 818, and authorities there cited. The petition does not come within this rule for the reason that taking down brick walls and chimneys is not necessarily a nuisance. Yet, I think there is no doubt but that the petition is good on demurrer. It charges the ownership and present possession and control of the house; knowledge of its condition in the defendant; that he permitted and allowed certain persons to enter upon the premises, for the purpose of removing said walls and chimneys and abating said nuisance; that said persons tore down said walls, and in doing so, negligently and unskilfully pushed, or threw or caused the same to fall over and upon said house occupied by plaintiff, and thereby caused the damage.

If these allegations be true, the inference would be that the relation of master and servant existed between defendant and the persons who committed the injury. It is

alleged that the work was being done on his property, of which he had possession and control, with his consent for his benefit, and in an unskillful manner. Hence he is called upon to plead facts, which will excuse or relieve him from the consequences of these allegations, if true.'

The judgment of the court of appeals is affirmed. All concur, except NORTON and SHERWOOD, JJ., absent.