THE LACLEDE POWER COMPANY, Respondent v.
NASH-SMITH TEA & COFFEE CO., Appellant.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Nonsuit, Voluntary: COURT RULED, PETITION DID NOT
   STATE CAUSE OF ACTION: AFTERWARDS SET RULING
   ASIDE.** Petition was objected to, *first*, that it failed to aver an ac-
   ceptance by defendant of plaintiff's written offer; *second*, that it
   failed to show performance of the contract by plaintiff; *third*, that
   no breach of contract was alleged; *fourth*, that petition failed to
   state facts to show that plaintiff had sustained damages by reason
   of the alleged breach of the contract: Held, that petition, although
   inartificially and defectively drawn, stated a cause of action and was
   sufficient.

2. ———: ———: **DEFENDANT SHOULD HAVE DEMURRED TO
   PETITION.** Unless a petition is so defective that the judgment
   should be arrested, because of its failure to state a cause of action,
   objections to the introduction of evidence ought to be disregarded.

Appeal from the St. Louis City Circuit Court.—*Hon. John
A. Talty,* Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*C. R. Skinker* for respondent.

(1) The averments of the petition constitute a sufficient
allegation of acceptance by plaintiff of defendant's written
proposal and communication of plaintiff's acceptance to de-
fendant.   Allen v. Chouteau, 102 Mo. 309, 318; Mfg. Co. v.

Broderick, 12 Mo. App. 385; Stotesburg v. Massengale, 13 Mo. App. 221; Bishop on Contracts (En. Ed.), sec. 329; Lancaster v. Elliott, 28 Mo. App. 92.   (2) After answer by general denial it is not competent for defendant to raise the question of the sufficiency of the petition by objection to the introduction of any evidence.   Had the defendant desired to do so, it should have raised the question by proper motion before the case went to trial, and at this stage is deemed to have waived that objection.   If any cause of action at all can be gleaned from the petition it will be sustained.   Donaldson v. Butler Co., 98 Mo. 166; Young v. Iron Co., 103 Mo. 324; Weaver v. Harlan, 48 Mo. App. 323; Hatten v. Randall, 48 Mo. App. 203; Dillon v. Hunt, 82 Mo. 150; Eans v. Bank, 79 Mo. 182; Mellor v. Railroad, 105 Mo. 466.

BIGGS, J.—This is an appeal from an order of the circuit court sustaining a motion to set aside an involuntary nonsuit.   At the trial the defendant objected to the introduction of evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action.   The court sustained the objection and the plaintiff took a nonsuit.   Afterwards the court receded from its ruling and sustained plaintiff's motion to set aside the nonsuit.

As the sufficiency of the pleading is challenged on several grounds it is better to set it out *"in haec verba."*   Omitting the caption the petition reads:

"The plaintiff, The Laclede Power Company of St. Louis, a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and engaged in the business of producing and furnishing electrical power to consumers in the city of St. Louis, complains of the defendant Nash-Smith Tea & Coffee Company, a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and engaged in buying and selling tea

and coffee, and for cause of action stated as follows:

"That heretofore, to-wit, on or about February 1, 1896, plaintiff received from defendant an order in words and figures as follows:

"In duplicate.                    St. Louis, Mo., Feb. 1, 1896.
"To the Laclede Power Company of St. Louis.

"Room 808 Bank of Commerce Building.

"Please connect your wires to building No. 918-920 N. 6th street and furnish 50 electric horse power. And we agree to take power for the term and on the conditions mentioned on the back, and made part hereof.

"Rate 4c per horse power per hour by meter, or if other power company gives lower rates this company's refusal to meet them voids contract."

(On the back).

"Regular bills will be rendered on the first day of each month, and are payable at the company's office on or before the 5th day of the same month. Bills remaining unpaid after the 5th lnst. are subject to an addition of 5 per cent.

"Authorized agents of the company shall have access to the premises at all reasonable times for the purpose of examining motors and wires, or for the removal of its property.

This contract shall be in force from and after date, and shall continue for periods of one year until either party shall, at the expiration of any year, give written notice of its desire to discontinue this arrangement.

"The electical current to be used for power purposes only, and is to be charged for at said company's prevailing rates.

"Minimum charges to be not less than two dollars per month per horse power capacity required, but in no case shall a total charge of less than five dollars per month be made.

"In case meters are furnished, a deposit will be made with the company to cover cost of meter.

"If at any time the Laclede Power Company shall be compelled by act of God, by governamental authority, national, state or municipal, or by other cause, to discontinue in whole or in part the operation of its lines for the supply of power, then it shall not be liable for any failure to supply power thereby incurred, but in all cases the said company shall use its best efforts to resume the operation of its lines.

"That thereafter plaintiff, in pursuance and acceptance of the terms of said order, connected the wires to defendant's said building and furnished said 50-horse power to defendant until about February 15, 1899, and defendant paid therefor according to the terms of said order, since which time defendant has failed and refused to take said power from plaintiff, though plaintiff has been at all times ready, able and willing to furnish said power.

"Wherefore plaintiff says it has been damaged by defendant's failure to take said power as agreed, in the sum of $1,500, for which, together with the costs of this suit, plaintiff prays judgment against defendant."

The objections to the petition are (1) that it fails to aver an acceptance by the defendant of plaintiff's written offer; (2) that it fails to show a performance of the contract by plaintiff; (3) that no breach of the contract is alleged, and (4) that the petition fails to state facts sufficient to show that plaintiff has sustained any damage by reason of the alleged breach of the contract by defendant.

There is a rule of pleading that facts which are necessarily implied from the direct averments in a pleading will be deemed as having been averred. Dillon v. Hunt, 82 Mo. 150; Eans v. Bank, 79 Mo. 182; Weaver v. Harlan, 48 Mo. App. 319. In the present case an acceptance of the offer by plaintiff is not directly averred, but sufficient facts are stated in the petition from which an acceptance will be implied, for the allegation is that "in pursuance and acceptance" of

the written offer the plaintiff attached its wires to the building and furnished power thereafter, for which the defendant paid the agreed compensation. The conduct of the plaintiff in attaching the wires to the building implied an acceptance of the offer, and the fact that the wires were attached and the power furnished was sufficient notice to the defendant that its offer had been accepted. We therefore conclude that the first objection is without merit.

The most that can be urged against the petition is that it contains an imperfect statement of performance on the part of plaintiff, and therefore the second objection to the pleading will not avail the appellant, for the reason that it waived it by answering. Such a defect must be reached by a direct attack, and not by an objection to the introduction of evidence. Spurlock v. Railroad, 93 Mo. 530; Donaldson v. Butler County, 98 Mo. 163. It is substantially averred that plaintiff after receiving defendant's proposal connected its wires with the building and thereafter furnished defendant with electrical power until February 15, 1899, when it ceased to do so, the defendant having refused to take power any longer, and the plaintiff having been ready and willing at all times to furnish said power. This appears to us to be a sufficient statement of performance even as against a direct attack.

We do not deem it necessary to enter into a discussion of the remaining objections to the petition. It may be conceded for the argument that in respect of the matters complained of the pleading is inartificially or defectively drawn, which, as we have shown, will not avail the appellant on this appeal.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.