[No. 9836.   Department Two.   January 8, 1912.]

NORWEGIAN DANISH METHODIST EPISCOPAL CHURCH OF
SPOKANE FALLS, *Respondent*, v. HOME TELEPHONE
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURIES TO THIRD PERSONS—EXISTENCE OF
RELATION—AGENCY—INDEPENDENT CONTRACTORS — EVIDENCE — SUFFI-
CIENCY.  A *prima facie* case of agency is shown, and the burden of
proof is upon defendant to show that the work was done by an in-
dependent contractor, where it appears that plaintiff's property was
injured by blasting prosecuted in aid of defendant's enterprise by
another telephone company, as claimed by a witness who knew noth-
ing of the contract, that the two companies had a common president,
and that he was directing the work, and the alleged contracting
company was doing no work other than construction work for the
defendant company.

SAME.  Where blasting in a city street is done by virtue of de-
fendant's franchise, an independent contractor doing the work may
also be the agent of the defendant, rendering defendant liable for
the negligence of the contractor on the principle of *respondeat su-
perior*.

TRIAL—JOINT LIABILITY—VERDICT EXONERATING CODEFENDANT.  In
an action for damages to property by blasting, a verdict exonerating
a codefendant does not relieve the other defendants, where it ap-
pears that such codefendant, a contractor, had nothing to do with
the work, but simply loaned men to the other defendants to take
charge of the blasting.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered March 31, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for damages to property from blasting.   Affirmed.

*John F. Davies* and *L. B. Cornell*, for appellant.

*Severin Iverson*, for respondent.

CHADWICK, J.—This action was brought by the respond-
ent to recover damages.   It seems that it was necessary to
blast out a ditch or conduit in one of the streets of the city

[1]Reported in 119 Pac. 834.

of Spokane, and adjacent to the property owned by respondent, in which to put the wires and conduits belonging to appellant's telephone system. The complaint alleges that the damages resulted because of the careless and negligent manner in which the work was done by appellant, its agents, and servants. Appellant's answer is a general denial. At the trial, respondent showed the character and extent of its damage, and there was some testimony from which the jury might find negligence. In submitting its case, respondent called as a witness one of the men under whose actual direction the work was done. He testified that the work was in charge of, and carried on by, the "Interstate Consolidated Telephone Company;" that "they [the Consolidated Company] have a contract. What their contract is, I don't know. That is out of my jurisdiction. I am simply employed on the construction work." He said, also, that the Home Telephone Company had nothing to do with the work, and further:

"Q. Who employed you? A. C. S. Lane. Q. And who is he? A. He is president of the Interstate Consolidated Telephone Company. Q. And isn't he the president of the Home Telephone Company too? A. He is."

It is contended that the evidence shows the work to have been done by an independent contractor, and that no recovery can therefore be had against appellant. We think, however, that, when it was shown that the work was done in aid of a general scheme prosecuted in aid of appellant's enterprise, that the alleged independent contractor and appellant had a common president, that he was directing the work, and that the alleged contractor was engaged in no work other than construction work for the Home Telephone Company, a *prima facie* case was made out. *Dillon v. Hunt*, 82 Mo. 150; *Redstrake v. Swayze*, 52 N. J. L. 129, 18 Atl. 697. These facts are quite as consistent with the theory of agency as that of independent contractor, and the burden

shifts to appellant to show its true relation to the construction company, the best evidence of which would have been its contract; thus making a mixed question of law and fact, or one of law alone. This it did not do, but left the question one of fact only, contenting itself to rest upon the case as made by respondent.

"*Prima facie*, the person at whose instance and for whose use and benefit work is done is liable for all injuries to third persons resulting from the negligence or unskilfulness of those executing the work; that, unless some evidence is given as to the terms of the contract, 'it is no more proper to assume that it gave the contractor an independent employment than that it stipulated for the work to be done under the immediate supervision and direction of the defendant;' if the defense is that the wrongdoer was not a servant the contract must be shown 'with sufficient particularity to enable the court to determine whether the employment was of this independent character.' *McCamus v. Citizens etc. Co.* (1863), 40 Barb. (N. Y.) 380."

See Moll, Independent Contractors etc., § 32; note to *Richmond v. Sitterding*, 65 L. R. A. 459, citing *Welfare v. London Railroad* (1869) L. R., 4 Q. B. 693.

Although the instructions of the court are not made a part of the record, we confidently assume that the issue as we have stated it was submitted to the jury by proper instructions, so that its verdict is conclusive. While ordinarily the existence of the relation of contractor, if proven, excludes that of principal and agent or master and servant, it is not always so. The relations of contractor and agent are not necessarily repugnant. Assuming, for the sake of argument, that the relation of independent contractor was shown, it does not follow, considering the facts of the instant case, that appellant might not be liable under the doctrine of *respondeat superior*. The appellant was prosecuting its work under a franchise given by the city, and its contractor would in law act, not only for itself, but of necessity as an agent for appellant. This distinction is noticed

in *Detroit v. Corey*, 9 Mich. 165, 80 Am. Dec. 78, where it is said:

"The difference between them [independent contractor and agent] is, that a contractor acts in his own right and for himself, whereas an agent or servant acts for and in the name of another. In the case before us, both relations exist and must necessarily exist from the peculiar character and circumstances of the case. The contractors not only acted for themselves, but at the same time as agents for the city, under the power given it to construct sewers in its streets, which are public highways. They had no right to make the excavation they did, except as agents for the city; and had they been proceeded against by indictment for creating a public nuisance, they could not have justified in their own right, but would have had to justify as agents of the city under their contract. . . . The donee of such a power, whether the donee be an individual or a corporation, takes it with the understanding—for such are the requirements of the law in the execution of the power—that it shall be so executed as not unnecessarily to interfere with the rights of the public, and that all needful and proper measures will be taken, in the execution of it, to guard against accidents to persons lawfully using the highway at the time. He is individually bound for the performance of these obligations; he can not accept the power divested of them, or rid himself of their performance by executing it through a third person, as his agent. He may stipulate with the contractor for their performance, as was done by the city, in the present case, but he can not thereby relieve himself of his personal liability; or compel an injured party to look to his agent instead of himself for damages."

Appellant has briefed and vehemently urged the proposition that the work of blasting is not of such inherent danger as to prevent the principal from exonerating himself by giving the work over to an independent contractor. Inasmuch as this argument is predicated upon the theory that the work was done by an independent contractor, when, as we have shown, the verdict of the jury is sustained in law, this contention will need no discussion.

Finally, it is insisted that, whereas one Fife, who was made

a codefendant, was exonerated by the jury, it follows that no verdict can stand against appellant. This argument is based upon the assertion that, inasmuch as Fife actually did the work, if he was not careless or negligent, there could be no charge of omission against the principal. The record shows, without contradiction as we read it, that Fife bore no relation whatever to either the appellant or the construction company. He was engaged in street work in the city of Spokane. When it became necessary to do the blasting complained of, he loaned two of his men to Mr. Sawhill who had immediate charge of the work, merely as a matter of accommodation, it appearing that Fife had previously done some work for appellant and that their relations were amicable to a degree warranting the asking and granting of favors between them.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., MORRIS, ELLIS, and CROW, JJ., concur.