[No. 23342. Department One. October 16, 1931.]

DELLA NICKELL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant*, for appellant.

*Poe, Falknor, Falknor & Emory*, for respondent.

PARKER, J.—This is an appeal by the department of labor and industries of this state from a judgment of the superior court for Thurston county which reversed a decision of the department which rejected a claim of the respondent, Della Nickell. Her claim is for pension and benefits under our workmen's compensation law, on account of the death of her husband resulting

[1]Reported in 3 P. (2d) 1005.

from his injuries received while he was engaged in an extrahazardous employment in this state.

Our problem is as to whether or not Mrs. Nickell's husband was, at the time he received his fatal injuries, employed in a Federal governmental activity of such nature as to deprive him and his dependents of the benefits of our workmen's compensation law.

The facts are not in dispute. The appeal from the decision of the department to the superior court was submitted to that court upon an agreed statement of facts which became the statement of facts certified to this court upon the appeal from the judgment of the superior court. The controlling facts may be summarized as follows, our quotations being from the statement of facts: On July 7, 1930, Roy Johnson, a resident of this state, entered into a contract in this state with the United States to construct a bridge to be known as the "Clear Fork Bridge" on the Randle-Yakima highway, the bridge being within the boundaries of the Rainier national forest, as established and reserved under the laws of the United States.

"Said Randle-Yakima highway is being constructed under a written agreement between the Secretary of Agriculture of the United States and the director of highways of the state of Washington. Funds for the construction of said work are provided by the Federal government and, under the terms of said agreement, the highway, after completion, is to be maintained for a period of two years by the Secretary of Agriculture, after which time it will be accepted and maintained by the state of Washington and will become a part of State Road No. 5. Prior to commencing work upon said bridge, the said Johnson made inquiry to the department of labor and industries of the state of Washington as to whether or not his employees in the construction of said bridge were subject to the provisions of the workmen's compensation act of the state of Washington, and thereupon offered to pay

to the department of labor and industries the premiums provided and required under said act.''

Thereupon, the department advised Johnson that,

''. . . inasmuch as the contract on this particular job has been let by the Federal government, and also located within the boundaries of the Federal forest reserve, the department would have no jurisdiction.''

This advice was later confirmed by a communication from the department to Johnson in response to his again offering to pay the premiums required by the workmen's compensation act.

''On August 30, 1930, Lee F. Nickell [husband of respondent], while an employee of the said Johnson in the construction of said bridge, and being at said time engaged in an extrahazardous occupation as defined by the workmen's compensation act of the state of Washington, fell from said bridge and was injured, and from said injuries he died on September 7, 1930, leaving surviving him his widow, Della Nickell, and four children, . . . Said Lee F. Nickell was, at the time of his death, and long prior thereto, a resident of the state of Washington, and his said widow and children are now, and were at all times herein mentioned, residents of the state of Washington. Thereafter, and on or about November 19, 1930, the said Della Nickell filed with the department of labor and industries of the state of Washington her claim for the pension and benefits of the workmen's compensation act of the state of Washington, which said claim was denied by the department . . .''

The appeal of Mrs. Nickell from the decision of the department to the superior court and the appeal of the department from the judgment of the superior court to this court followed in due course, as above indicated.

Counsel for the department invoke, in justification of its decision rejecting the claim of Mrs. Nickell,

the general rule that the agencies and activities of the Federal government are exempt from interference by state legislation. It is argued that Johnson, in the construction of the bridge for the Federal government, though doing so as an independent contractor, became a Federal governmental agent in that behalf, and that for the state to exact from him contribution to its industrial insurance fund for the benefit of his employees and their dependents, would be an unwarranted interference with such governmental agency and activity; and that, since the state cannot lawfully exact such contribution from Johnson, it follows that his employees and their dependents do not have any right of compensation from our workmen's compensation fund.

It is conceded on both sides that the exaction of contribution to our workmen's compensation fund from those employing workmen in extrahazardous employments is not a tax exaction. We have so held. *State v. Postal Telegraph-Cable Co.,* 101 Wash. 630, 172 Pac. 902. So, this is not a question of the state attempting to levy a tax upon Federal governmental agencies or activities. The cases brought to our attention by counsel for the department are all tax cases.

Of course, the exertion by a state of its taxing power is not the only means by which a state may assume to interfere with Federal governmental activities. It is conceivable that the state might assume to exact contribution to its workmen's compensation fund in such manner as to unlawfully interfere with Federal governmental activities. But our problem is reduced to this: Was Johnson an agent of the Federal government engaged in a Federal governmental activity in the construction of the bridge? We think not. Manifestly, he was an independent contractor in the construction of the bridge.

In *State v. Wiles,* 116 Wash. 387, 199 Pac. 749, 18

A. L. R. 1163, we held that a person under contract with the United States for the transportation of mail to and from the postoffice and postal stations and depots in Seattle, using his own motor vehicles for that purpose, was required to acquire state motor vehicle licenses authorizing him to so operate his motor vehicles upon the public streets and highways of the city and state, as any other private owner of motor vehicles was so required to do under the state law; this upon the theory that he, being a mere contractor, evidently an independent contractor of th'e government, was not a government agent or engaged in a governmental activity in a sense that the government itself was so carrying the mail. Judge Bridges, speaking for the court in that case, reviewed the subject at length. It seems plain to us that the reasoning of that decision is controlling here, and that Johnson comes no nearer being an agent of the government in its governmental activity than did Wiles in that case. Our former decisions in *State v. Postal Telegraph-Cable Co.,* 101 Wash. 630, 172 Pac. 902, and *Rector v. Cherry Valley Timber Co.,* 115 Wash. 31, 196 Pac. 653, 13 A. L. R. 1247, also lend support to our conclusion here reached.

Contention is further made in support of the decision of the department, upon the theory that certain provisions of Chapter 132, Laws of 1929, p. 325, amending our workmen's compensation act, provide that the state shall have, under certain default occurrences of the employer in making contribution to the workmen's compensation fund, injunctive relief as against the employer, restraining the employer from prosecuting an extrahazardous work. The argument is, in substance, that the effectual invoking by the state of such injunctive relief, looking to the collection of contribution from the employer to the industrial insurance fund, would be a direct interference with the carrying

on of the work he might have as a contractor for the Federal government.

If such injunctive relief so provided for should not become available to the state because of its interference with the work as a governmental activity, that would only mean that the state could not enforce such remedy. As to the state's ability to do so under such circumstances, we need not here inquire. Our original workmen's compensation act, Chapter 74, Laws of 1911, p. 345, and all amendments thereto enacted since then, have provided that the contributions exacted of an employer engaged in extrahazardous work may be enforced by civil action: Chapter 188, Laws of 1915, p. 674; Chapter 28, Laws of 1917, p. 76; Chapter 120, Laws of 1917, p. 474; Chapter 136, Laws of 1923, p. 373; Chapter 132, Laws of 1929, p. 325. The fact that the state might not be enabled to successfully invoke injunctive relief as against a Federal contractor, we think, does not argue that it may not enforce its other prescribed remedies looking to the collection of contribution from the employer as provided by our workmen's compensation act.

We conclude that the judgment of the superior court reversing the decision of the department must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and BEELER, JJ., concur.