CHARLES W. LONG, *Respondent,* v. CHARLES A.
THOMPSON *et al., Appellants.*[1]

[1]Reported in 31 P. (2d) 908.

*F. A. Kern,* for appellants.

*Lord, Moulton & Krause* and *Wm. B. Severyns,* for respondent.

BLAKE, J.—Plaintiff, an employee of defendants, received an injury while engaged in an extrahazardous occupation in contemplation of the workmen's compensation act. He brought this action to recover damages, alleging that defendants had failed to comply with the provisions of that act (Rem. Rev. Stat., § 7676). Defendants answered, admitting that they had not furnished the department of labor and industries their monthly payrolls, and that they had not paid any premiums under the provisions of that section of the act. They set up three affirmative defenses: (1) That, prior to the commencement of their operations, they advised the department of the character of the work they were about to engage in, and the department advised them that their operations, being construction work for the United States government, would not come under the workmen's compensation act; that again, when commencing operations, they made application to the department "to subject their employees to the workmen's compensation act, and said application was refused by the department;" (2) contributory negligence; and (3) assumption of risk.

The cause was tried to a jury, which returned a verdict for plaintiff. From judgment entered on the verdict, defendants appeal.

Five assignments of error are made. For discus-

sion they may be divided into three groups: · (1) Insufficiency of the evidence to make a case under the provisions of the workmen's compensation act (Rem. Rev. Stat., § 7676); (2) error in giving of instructions, and the refusal to give instructions proposed by appellants; and (3) excessive verdict.

Although the assignments are broad enough to raise the question, the appellants do not contend that the evidence was insufficient to take the case to the jury on the issue of negligence. It will therefore be unnecessary to discuss the facts relating to the happening of the accident, other than to say that, from our examination of the record, we think the sufficiency of the evidence on the question of appellant's negligence is hardly open to argument.

The question urged by appellants, under the first group of assignments of error, relates to the first affirmative defense. The appellants were awarded a contract by the United States Department of the Interior, Bureau of Reclamation, for the construction of a siphon tunnel in connection with the Yakima project, Kittitas division. Prior to commencing work, appellants addressed a letter to "State Insurance Fund," in which they advised the department of labor and industries of the character of work to be done under the contract, and asked if "you could carry our compensation and liability insurance on this work, or whether it being government work precludes of your coverage." In answer to this inquiry, the appellants received the following telegram:

"Olympia, Washington, May 13th, Chas. & Geo. K. Thompson, 2301 West 9th Street, Federal work at Ellensburg not under our State Compensation Act. Department of Labor and Industry."

A month later, appellants addressed a letter to the director of labor and industries, calling his attention

to their prior letter, and advising him that they had commenced operations under their contract. They called his attention to a certain compilation of insurance and medical aid acts issued in 1926 by the public printer of the state of Washington. Having called the director's attention to certain provisions of the workmen's compensation act and an opinion of the *Attorney General,* they conclude the letter as follows:

"We cannot understand in view of these citations why we do not come under the Act and would be pleased to have you inform us further on this subject. If there are more recent decisions than we have which exclude this work from state insurance, could we come under the 'Elective Adoption' described on page 38, section 7696.

"Your early reply will greatly oblige."

In reply, they received a letter, signed by L. M. Rickerd as secretary of the department of labor and industries, advising them that ". . . the work on the Yakima project is not under our compensation act," and further that "the elective adoption clause of the compensation act would not give you the protection you desire . . ." Replying thereto, appellants wired the department of labor and industries as follows:

"Referring letter Rickerd June 18th concerning our tunnel work near Thorp we desire to come under provisions your compensation act section seven six nine six apparently gives us this right kindly wire us collect the rates you would establish on this work in meantime will carry own risk and insurance."

In answer to the telegram, Rickerd again wrote to appellants, enclosing a copy of an opinion by the *Attorney General* holding that contractors working on the Kittitas project did not come within the purview of the workmen's compensation act. The secre-

tary also referred to, and undertook to interpret, certain sections of the act, and then concluded:

"In view of the above facts we are unable to give you protection, either directly under the act, or through the elective adoption plan."

That appellants' interpretation of the workmen's compensation act was correct, and that the interpretations of the *Attorney General* and the department were wrong, has been definitely settled. *State ex rel. Grays Harbor Construction Co. v. Department of Labor and Industries,* 167 Wash. 507, 10 P. (2d) 213; *Nickell v. Department of Labor and Industries,* 164 Wash. 589, 3 P. (2d) 1005. In both cases, it was held that contractors engaged in government work on Federal reservations were not relieved from contributing to the workmen's compensation fund. These cases were decided subsequent to the time the events occurred giving rise to this action.

The obvious applicability of these decisions, appellants seek to escape on the plea that they made a sincere effort to bring themselves under the compensation act, and failed in the effort solely because of the rejection of their application by the department of labor and industries, acting under a misconception of the scope of the act.

The rule is universal that the courts, in ascertaining the meaning of an ambiguous statute, will accord great weight to administrative or executive construction of, and practice under, it. But it is equally well settled that courts will construe statutes according to their true intent, where the meaning is plain and unequivocal, notwithstanding a contrary construction made, or practice indulged in, by executive or administrative officers. *Wendt v. Industrial Insurance Commission,* 80 Wash. 111, 141 Pac. 311;

*State ex rel. Sherman v. Benson,* 111 Wash. 124, 189 Pac. 1000; *State v. Davies,* 176 Wash. 100, 28 P. (2d) 322; *Waldum v. Lake Superior Terminal, etc., Co.,* 169 Wis. 137, 170 N. W. 729; *Graham v. Joyce,* 151 Md. 298, 134 Atl. 332. In the *Wendt* case, this court said:

"The last contention of the commission is that the interpretation of the act by the commission under advice from the attorney general ought to be given weight in the event that the act is of doubtful construction. It has long been the law that, where an act is uncertain or obscure, the interpretation of that governmental department having to do with its administration and enforcement is entitled to great weight. Giving full force to such a rule and recognizing it as we have in our previous decisions, it does not seem to us that, in answering the question submitted by this appeal, we find the act so uncertain or obscure as to make it proper or necessary to seek administrative interpretation in ascertaining its meaning."

We know of no tribunal where rights and obligations created by statute can be definitively determined, except in a court of competent jurisdiction—unless the statute itself confers such power on some other tribunal or on the officers charged with the administration of the act. No such power is vested in the department of labor and industries under the workmen's compensation act.

The obligations of employers coming under the act are plain and unambiguous. The act (Rem. Rev. Stat., § 7676) provides:

"Every employer who shall enter into business . . . in any work or plant . . . shall, before so commencing . . . operations, . . . notify the director of labor and industries of such fact, accompanying such notification with an estimate of his payroll for the first calendar month of his proposed oper-

ations, and shall make payment of the premium on such estimated pay-roll.''

This, appellants failed to do. Their failure cannot be excused on the ground that tender of the estimated payroll and premiums would have been unavailing. It was the duty, prescribed by statute, of the director of labor and industries to accept the estimated payroll and premiums. And that duty could have been compelled by mandamus. *Graham v. Joyce, supra; State ex rel. Loney v. Industrial Accident Board,* 87 Mont. 191, 286 Pac. 408. In the former case, it is said:

"Administrative practice opposed to such a clear, explicit statute could only be in violation or disregard of it, and could not serve as a construction of it.''

See, also, *State ex rel. Grays Harbor Construction Co. v. Department of Labor and Industries, supra.*

Having failed to comply with the obligations imposed upon them by the workmen's compensation act, appellants subjected themselves to this action. Rem. Rev. Stat., § 7676.

■ The action is statutory. *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330; Rem. Rev. Stat., § 7676. Under the statute, appellants are denied the right to interpose the common law defenses of contributory negligence and assumption of risk. 1 Schneider, Workmen's Compensation Law (2d ed.), § 13; Rem. Rev. Stat., § 7676; *Skelton & Wear v. Wolfe,* 200 S. W. (Tex. Civ. App.) 901; *Brady v. Oregon Lumber Co.,* 117 Ore. 188, 243 Pac. 96, 45 A. L. R. 812. There was no error in giving instructions, or refusing to give proposed instructions. The assignments of error in this respect were predicated upon the assumption that the defenses of contributory negligence and assumption of risk were available to appellants.

■ The verdict was for ten thousand dollars. Re-

spondent's lifetime occupation was that of a black-
smith. At the time of his injury, he was fifty-two years
of age. His earning capacity ranged between six and
eight dollars per day. His injuries consisted in the
crushing of all of the fingers of both hands so that all
but two on the left hand had to be entirely or partially
amputated. The two remaining fingers were so badly
crushed that they are useless. He is totally incapaci-
tated, so far as following his trade is concerned. His
earning capacity, in any gainful occupation involving
manual labor, is negligible. While the verdict is large,
we find nothing in the record to warrant the court in
reducing it or, in the alternative, granting a new trial
on the ground that the jury was influenced by passion
and prejudice.

Judgment affirmed.

GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.

BEALS, C. J., dissents.