[No. 27667. Department One. January 15, 1940.]

LULU KRAUSE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1] Reported in 97 P. (2d) 1082.

*Wright & Wright* and *Vanderveer & Bassett,* for appellant.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court sustaining an order of the department of labor and industries disallowing a widow's claim for a pension.

Arthur Krause, the widow's deceased husband, was injured while engaged in extrahazardous employment. Shortly after his injury, he filed a claim for compensation. The injury occurred April 15, 1938. Mr. Krause died June 1, 1938. Shortly before his death, the supervisor had denied his claim. After the death of her husband, Lulu Krause filed a claim, as above stated, for a widow's pension. This was disallowed by the supervisor. Both rulings of the supervisor were appealed to the joint board, where they were sustained, and the widow appealed to the superior court, with the result above indicated. From the adverse judgment of the superior court, she appealed to this court.

At the time of his injury, Krause was shingling the roof of a house in the city of Auburn. This house was

being erected upon a lot acquired by one Clinton C. Smith, October 25, 1937. Thereafter, and on November 15, 1937, he conveyed the property to one Richard Zydek. February 28, 1938, Zydek reconveyed it to Smith, who, with his wife, executed a mortgage thereon, and, subsequently, the property was again conveyed to Richard Zydek. After the property was conveyed to Smith, he made application to the Olympia Federal Loan Association for a loan,. and the association loaned him twenty-five hundred dollars. This money was to go into the construction of the house, to be expended for labor and material.

■ The first question is whether Krause was an independent contractor or an employee. Zydek testified that he sent Krause to Smith and the latter employed him. Upon the hearing before the supervisor, it was admitted by the respondent that Smith had hired Krause, and that he was doing the work at so much per square on his own time. That is the extent of the evidence as to the nature of the employment. When the facts presented are as consistent with the theory of agency as that of independent contractor, the burden is upon the one asserting the independency of the contract to show the true relation of the parties. 11 R. C. L. 78, § 15; *Norwegian Danish M. E. Church v. Home Tel. Co.*, 66 Wash. 511, 119 Pac. 834.

There being no disputed question of fact as to the relation of the parties, the question becomes one of law, and the rule that the decisions of the department are *prima facie* correct and the burden of proof is upon the party attacking the same has no application. *Zappala v. Industrial Ins. Commission*, 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A, 295; *Samarzich v. Aetna Life Ins. Co.*, 180 Wash. 379, 40 P. (2d) 129. The department has not sustained the burden of showing that Krause was an independent contractor.

■ The next question is whether Smith was constructing this house as a contractor and builder for Zydek. The latter testified that, sometime before, when Smith was building a house for himself, he, Zydek, had worked on the building for something like four months and received no compensation. He said:

"Q. Did you ever have a verbal contract or a written contract with Mr. Smith that Mr. Smith was to be the contractor on that job? . . . A. I would like to put that in my own way—he and I never had any contract like it was binding but I would say we had an agreement. Q. Would you state again what the agreement was? A. We agreed that after we had finished his house and I had worked on it, he would help me to supervise my house and that I would not get any pay for helping him and he would not get anything for helping me."

Smith testified as follows: "Q. In what capacity did you employ Mr. Zydek? A. He helped me and I helped him. That was the arrangement."

With reference to the house in question, Smith furnished the plans, obtained the loan, employed the men who did the work on the building, and purchased the material. He supervised the construction and did some work on the building himself. The money was disbursed by the mortgagee on orders signed by Smith. We think the necessary inference is, from what the parties said their arrangement was and what Smith did relative to the construction of the house, that he constructed it as a contractor and builder. It is true that Smith got no compensation in money for what he did; but, if what the parties say their arrangement was is correct, he had been paid for what he was doing on this house by labor which Zydek had done for him on the house which he constructed prior to this time. If Smith was constructing the house for Zydek as contractor and builder, he was engaged in an extrahazar-

dous undertaking, and Krause was his employee. This being the situation, claimant was entitled to a widow's pension.

The judgment will be reversed, and the superior court directed to enter a judgment remanding the case to the department for further proceedings.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

[1] Reported in 97 P. (2d) 1080.