SAMUEL W. HOWITT, as Administrator, etc., of ROSE HOWITT, Deceased, Respondent, *v.* EDWARD G. HOPKINS, Defendant, Impleaded with BURROUGHS ADDING MACHINE COMPANY, Appellant.

Third Department, March 2, 1927.

**Master and servant — relationship — action for death of plaintiff's intestate who was killed by automobile driven by individual defendant who was engaged by manager of one of appellant's sales agencies — manager was engaged under contract eliminating any responsibility on part of appellant for acts of manager or any agent he might employ — appellant exercised no control over agents employed by manager — at time of accident individual defendant was on way to demonstrate one of appellant's adding machines — individual defendant was not servant of appellant.**

The relationship of master and servant did not exist between the individual defendant and the appellant at the time the individual defendant struck plaintiff's intestate with his automobile, causing intestate's death, and, therefore, the appellant is not liable for the negligence of the individual defendant. The individual defendant was engaged by a manager of one of appellant's sales agencies to sell adding machines on a commission basis. The contract between the appellant and its manager specifically provided that the appellant should not be liable for any acts of the manager or of any agent he might employ. The individual defendant could solicit business at any place he pleased or as directed

by the manager, and the appellant exercised absolutely no control over the individual defendant. At the time of the accident the individual defendant was driving his own automobile to the place of business of a prospective customer for the purpose of demonstrating an adding machine.

APPEAL by the defendant, Burroughs Adding Machine Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 6th day of July, 1926, upon the verdict of a jury for $10,000, which was reduced to $7,500, by an order entered in said clerk's office on the 28th day of June, 1926.

*John F. Lucey,* for the appellant.

*James A. Leary* and *A. W. Pitkin,* for the respondent.

WHITMYER, J. The action is for negligence. On April 9, 1923, at about one-thirty P. M., plaintiff's intestate, a girl of thirteen, was struck by an automobile, owned and driven at the time by defendant Hopkins, while he was on his way from Schenectady to Fonda, N. Y., to demonstrate or sell an adding machine, which he had, of the defendant company, and intestate received injuries which resulted in her death. The verdict was against both defendants, against Hopkins as the cause and against the company on the finding that Hopkins was its servant and engaged in its work at the time. The appeal is by the company and from the judgment only. Thus, its liability is the question.

It was engaged in manufacturing and selling adding machines. Its executive offices were in Detroit, Mich. It conducted its business through agencies, among them one at Schenectady, covering seven counties, including Schenectady and Montgomery. This agency was in charge of Charles Schneider as manager or agent, who was employed on a commission basis under an " Agency Contract," which fixed his commissions and defined and limited his powers and duties. He paid the office expenses, except that the company paid one-quarter of the rent. The company's name was on the door and on the stationery and Schneider's name as manager was on the stationery. Among other things, he agreed to employ the necessary salesmen, who were to be and remain his and not the company's employees; to see that they were properly covered by insurance; to be and remain responsible for their acts of negligence in the course of their employment; to protect the company against loss on account of their acts; to make a written contract of employment, in form and substance satisfactory to the company, in each case; to make full settlement with each one at least once a month; and to advise the company immediately upon employing and, in case of discharge, to give the reasons. And the company

could protect salesmen by refusing to advance the amounts due to them, if it believed that Schneider had not paid or might not pay what was due.

Schneider made a written contract with Hopkins as an agency salesman. That was called the " Agency Salesman-Commission Contract." It defined their relations specifically. Hopkins was employed to sell on a commission, which was to come out of Schneider's. The company was not a party and was not to be liable for anything growing out of their relations. And Hopkins could employ junior or assistant salesmen, if Schneider deemed it necessary, but they were to be and remain subject to Schneider's control. The contracts were framed to protect the company. Protection was the aim. The company was interested in the number of sales and in securing the proceeds, but was not interested in the methods by which sales were made or in the preliminary details. A salesman could solicit as or when or where he or the manager pleased. In those respects, the company did not reserve the right to direct or control. (*Baldwin* v. *Abraham*, 57 App. Div. 67; affd., 171 N. Y. 677; *Wyllie* v. *Palmer*, 137 id. 248; *Higgins* v. *Western Union Telegraph Co.*, 156 id. 75, 78–80; *Braxton* v. *Mendelson*, 233 id. 122, 124.) That right is the determining feature in cases of this kind. And the evidence fails to show that the company exercised or attempted to exercise it.

At the time of the accident, Hopkins was on his way to demonstrate or sell an adding machine. He was in his own automobile, kept at his own expense. He had a machine with him. He was going, he says, pursuant to an arrangement, which he had made about a week before. There is some evidence that the company, to which he was going, wrote a letter, several days before, directed to the defendant company at the Schenectady office, asking for a demonstration, but Hopkins and Schneider did not recall it. The company did not direct or request the trip. Hopkins was not on its business and the relation of master and servant did not exist.

As to the defendant Burroughs Adding Machine Company, the judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

VAN KIRK, Acting P. J., HINMAN, McCANN and DAVIS, JJ., concur.

As to the defendant Burroughs Adding Machine Company judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.