BURROUGHS ADDING MACHINE CO. *v.* GENERAL ACCIDENT
FIRE & LIFE ASSURANCE CORP.

1. Insurance—Accident  Insurance—Notice—Condition  Precedent.

> Under policy insuring against general and contingent liability
> for accidents arising out of operation of automobiles by any
> person in employ of insured, and agreeing to defend insured
> against suits even if groundless, giving prompt notice of accident to insurer, as provided in policy, would be condition
> precedent to recovery by insured for accident occurring through
> fault of any of its employees, but where suit was groundless and brought against insured for fault of person not in its
> employ, it could recover cost of defending suit, although it did
> not give notice of accident to insurer until commencement of
> suit because it had no notice itself until that time.

2. Same—Policy Must be Reasonably Construed.

> Agreement in insurance policy to give notice of accident to insurer must be reasonably construed.

Appeal from Wayne; Collins (Joseph H.), J., presiding. Submitted April 26, 1932. (Docket No. 35, Calendar No. 36,106.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Assumpsit by Burroughs Adding Machine Company, a Missouri corporation, against General Accident Fire & Life Assurance Corporation, a foreign corporation, on an insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

BUTZEL, J. Burroughs Adding Machine Company, plaintiff, was insured by General Accident Fire & Life Assurance Corporation, defendant, against general and contingent liability of plaintiff for accidents arising out of the operation of automobiles, whether owned by insured or not. The liability assumed is shown by an indorsement on the policy, which states:

"The undermentioned policy shall cover the liability of the assured as in the policy defined as respects the use of any automobile or motorcycle which is owned, hired, rented, operated or used, by any agency manager, salesman or any person in the employ of any agency manager, or any inspector or other person (directly or indirectly) in the employ of the assured."

The present action is based on defendant's agreement in clause 2, which is as follows:

"To defend in the name and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings as are provided for by the terms and conditions of this policy."

Clause "E" of the policy, which is pertinent to the present suit, provides:

"The assured upon the occurrence of every accident, and irrespective of whether any personal injury or property damage is apparent at the time of the accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation's head office at Philadelphia, Pennsylvania, or to its duly authorized agent. If a claim is made on account of such accident, the assured shall give like notice thereof. If, thereafter, any suit is brought against the assured to enforce

such a claim, the assured shall immediately forward
to the corporation every summons or other process
served on them.  The corporation reserves the right
to settle any claim or suit.  Whenever requested by
the corporation the assured shall aid in effecting
settlements, securing information and evidence, the
attendance of witnesses, and in prosecuting appeals,
and shall at all times render to the corporation all
co-operation and assistance within his power.''

Plaintiff entered into an ''agency'' contract with
Charles Schneider, of Schenectady, New York.  Al-
though Mr. Schneider is described in the preamble
of the contract as ''agency manager,'' the contract
in no sense makes him such.  It gives him the ex-
clusive sales agency in the territory consisting of
seven counties in New York State, fixes his commis-
sions, and defines and limits his power and duties.
In the contract Schneider agrees *inter alia:*

''8.  To refrain from signing the company's name
on any commercial paper, contract or other instru-
ment, and from contracting any debt or entering
into any obligation, either express or implied, bind-
ing the company to the payment of money or other-
wise.

''17.  To pay all expenses other than items that
are chargeable to the company under its 'decisions
in force.'

''18.  To employ the number of salesmen neces-
sary to secure from the territory at least the amount
of business as from time to time may be determined
by the company for such territory; such salesmen
to be and remain the employees, agents and repre-
sentatives of the manager, and not of the com-
pany.''

Schneider employed one Hopkins as salesman on
a commission basis.  Plaintiff was neither Hopkins'

employer nor party to the agreement. The salesman could solicit when or where he or his employer pleased. Plaintiff made no attempt to exercise any control or direction over Schneider's employees. They had no contractual relationship with plaintiff.

On April 9, 1923, Rose Howitt, a girl of 13, received injuries which resulted in death by being struck by an automobile owned and driven by Hopkins while he was on his way to a neighboring town in New York State to demonstrate or sell an adding machine. Hopkins told Schneider of the accident the day it occurred, but the latter did not, according to his statement, inform plaintiff. Hopkins used his own car as he saw fit, maintained and ran it at his own expense, and carried his own liability insurance. A statement by Hopkins indicated that he was not at fault; that the coroner exonerated him from all blame; and that the parents of the deceased informed him that no claim would ever be made. Notwithstanding this fact, suit was brought about two years after the accident by the administrator of the girl's estate in the supreme court for Montgomery county, New York, against Hopkins and plaintiff. The latter promptly informed the defendant insurance company of the institution of suit. Five weeks after receiving notice, defendant raised the question of not having been informed of the accident within a reasonable time after its occurrence, and some months later it disclaimed all liability. It was, however, agreed that the defense of the case should be looked after by counsel satisfactory to both parties; that plaintiff should pay the attorneys' fees and expenses in the first instance, and that the liability of the respective parties be determined later. The administrator of the girl's estate recovered a judgment against both Hopkins and plaintiff herein. On

appeal to the appellate division, the case was reversed. See *Howitt* v. *Hopkins,* 219 App. Div. 653 (220 N. Y. Supp. 462). On appeal by plaintiff to the New York court of appeals, the decision of the appellate division of the supreme court was upheld and plaintiff herein absolved from liability. See 246 N. Y. 604 (159 N. E. 669), wherein the court of appeals stated:

"The appellate division held that the relation of master and servant did not exist between the salesman and defendant-respondent. Judgment affirmed."

Plaintiff brought the instant suit to recover the sums expended for attorneys' fees and expenses in defending the New York litigation. The case was tried without a jury, or oral testimony. Exhibits, however, were introduced, consisting of the insurance policy, the agency contract between plaintiff and Schneider, copy of the opinion in 219 App. Div. 653 (220 N. Y. Supp. 462), signed statements of Hopkins and Schneider, correspondence, etc. It was stipulated on the record that whatever Hopkins and Schneider stated about their positions was not to be binding on the parties; that as to Hopkins the opinion of the New York court would be controlling and Schneider's status would be controlled by his contract with plaintiff. The trial judge held that Schneider was not an agent of the company, and that the giving of notice to him was not notice to the plaintiff, and that, therefore, plaintiff was entitled to recover the amount claimed.

Defendant claims that the failure of plaintiff to give notice of the accident in accordance with condition "E" of the policy is fatal to plaintiff's right to recover, and, even if plaintiff did not learn of the accident until just prior to the commencement of the

suit in New York, it became plaintiff's duty, in order to recover under the policy, to have made proper provision to obtain such notice from its agency managers, and, in turn, to notify defendant promptly of all accidents for which the latter might be held. The giving of a prompt notice to defendant would have been a condition precedent to recovery had the accident occurred through the fault of any of plaintiff's employees. *Oakland Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74; *St. Louis Architectural Iron Co.* v. *New Amsterdam Casualty Co.* (C. C. A.), 40 Fed. (2d) 344. We do not believe, however, that these cases are applicable to groundless suits brought on account of accidents in which none of plaintiff's employees participated, and of which plaintiff was not informed until claim was asserted and suit begun, when it did promptly notify defendant. The agreement to give notice to insurer must be reasonably construed. *Employers' Liability Assurance Corp.* v. *Roehm,* 99 Ohio St. 343 (124 N. E. 223, 7 A. L. R. 182) ; *Woodmen Accident Ass'n* v. *Pratt,* 62 Neb. 673 (87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777). While it is true that under the agreement between Schneider and plaintiff the former is called "agency manager," the effect of the contract is to make him an independent contractor selling on commission in an exclusive territory and subject only to such limitations and control that may be necessary to protect manufacturers with national distribution. Under the circumstances, we find that the trial judge was correct in entering judgment for an amount not in dispute, in favor of plaintiff, and the judgment is affirmed, with costs to plaintiff.

Potter, Sharpe, North, Fead, and Wiest, JJ., concurred. Clark, C. J., and McDonald, J., did not sit.