HOLLOWAY *v.* NASSAR.

1. APPEAL AND ERROR—AUTOMOBILES—EVIDENCE—CONTRIBUTORY NEG-
LIGENCE.
On appeal from verdict and judgment for plaintiff in case arising
from collision between automobiles at an intersection testi-
mony is accepted in light most favorable to plaintiff upon de-
fendants' claim plaintiff was guilty of contributory negligence
as a matter of law and, so viewed, *held*, to present such ques-
tion for jury.

2. JURY—VOIR DIRE—AUTOMOBILES—INSURANCE—RECORD.
In automobile collision case questions by court on *voir dire* exami-
nation as to whether jurors carried insurance in a certain
mutual company of an out of State city, asked after confer-
ence between court and plaintiff's attorney, *held*, not error
under record presented, although it is suggested, under such
circumstances, opposing counsel have a right to statement upon
the record of reason for such questions in order that good or
bad faith of requesting counsel may be reviewed and court
should refuse to ask such questions except upon showing which
indicates their necessity to avoid injustice, put upon record
out of presence of jury.

3. MASTER AND SERVANT—TRAVELING SALESMAN—WHOLESALER—
COMPENSATION—CONTROL—INDEPENDENT CONTRACTOR.
Under undisputed and unambiguous testimony that defendant
traveling salesman of defendant wholesale company was paid
by weekly salary, commissions and commission bonus, had a defi-
nite territory in which to sell goods but used his own discretion
as to whom to call upon, order, time and method of making
visits and delivery of goods and that automobile accident
occurred at night while he was returning to office to give orders
for shipment of goods on following morning, salesman *held*,
an independent contractor as a matter of law hence wholesaler
was not liable for plaintiff's injuries resulting from salesman's
negligence.

4. AUTOMOBILES—MASTER AND SERVANT—BURDEN OF PROOF.
  In action for injuries sustained in automobile accident against
    wholesaler and its traveling salesman, plaintiff *held*, not to have
    sustained its burden of showing relation of master and servant
    existed between defendants at time of accident.

5. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—DEFINITION.
  Independent contractor is one who, carrying on independent busi-
    ness, contracts to do piece of work according to his own
    methods, and without being subject to control of his employer
    as to means by which result is to be accomplished, but only as
    to result of work.

6. SAME—RIGHT TO CONTROL RATHER THAN ACTUAL CONTROL TEST.
  Right to control, not only as to result to be accomplished, but
    also as to means to be used, is decisive of existence of relation
    of master and servant, so that, to establish its existence, actual
    control need not be shown if right to control exists.

7. TRIAL—COMPENSATION INSURANCE—AUTOMOBILES.
  In action against wholesaler and its traveling salesman for in-
    juries sustained by plaintiff when his and salesman's car col-
    lided at an intersection of highways, use of term "compensation
    insurance" by plaintiff's counsel while examining salesman on
    issue as to whether or not accident arose during employment
    *held*, not prejudicial error, as indicating an insurance company
    was defending the suit.

Appeal from Shiawassee; Collins (Joseph H.), J.
Submitted January 17, 1936. (Docket No. 16, Cal-
endar No. 38,655.)   Decided June 16, 1936.

Case by Guy Holloway against Caesar S. Nassar
and Central Wholesale Company, Inc., a Michigan
corporation, for personal injuries received in an au-
tomobile accident at a highway intersection.   Ver-
dict and judgment for plaintiff against both defend-
ants.   Defendants appeal.   Affirmed as to defendant
Nassar.   Reversed without a new trial as to de-
fendant Central Wholesale Company, Inc.

*Seth Q. Pulver*, for plaintiff.

*Hicks & DesJardins,* for defendant Nassar.

*Joseph R. Joseph,* for defendant Central Wholesale Company, Inc.

FEAD, J.  Plaintiff had judgment against both defendants for injuries sustained in a collision between his own and Nassar's automobile.

State trunk line highway M-71 runs two miles north of Durand and turns west two miles to Vernon.  From the intersection at the turn a county road runs north and a township road east.  The cars collided at the intersection.

Defendants contend plaintiff was guilty of contributory negligence as a matter of law.  He testified that as he came north he saw Nassar approaching from the west and watched him; it was a dark night; he saw Nassar's lights but could not judge his speed or distance away; however, he, plaintiff, reduced his speed to about 25 miles per hour as he came to the intersection and when he reached its south line he saw Nassar (who was farther away from the intersection), slacken speed; thereupon plaintiff, thinking Nassar had slowed up to turn, accelerated his speed and had crossed the center line of the intersection when he was struck by Nassar's car, which had speeded up and had made a swing to the left or north and across the center line.  Nassar claims he cannot remember what happened.  Accepting the testimony most favorable to plaintiff, the question of his negligence clearly was for the jury.

At the request of plaintiff's counsel, the court asked jurors on *voir dire* whether they carried insurance in a certain mutual insurance company of Chicago.  In asking the questions, the court substantially observed the precautions suggested in *Harker* v. *Bushouse,* 254 Mich. 187.  Because the

court, instead of counsel, asked the questions the case presents a new phase of this vexatious subject. The record states that plaintiff's attorney conferred with the court before the questions were propounded but it indicates no reason for asking about a far away company.

We cannot say the record affirmatively shows error in this respect because the court evidently thought the questions proper under the circumstances, was convinced of the good faith of counsel, and the record affords no basis for a different conclusion. We suggest that where the court conducts the *voir dire* examination counsel have a right, upon request, to statement upon the record of the reason for such questions in order that the good or bad faith of counsel in requesting them may be reviewed. We also suggest that the court refuse to ask such questions except upon showing, put upon the record and not in presence of the jury, which indicates their necessity to avoid injustice.

Defendants claim Nassar was an independent contractor, not an employee of Central Wholesale Company, Inc., and, in any event, was not upon the company's business when the collision occurred and it is not liable for his acts. The court submitted the issue to the jury.

Nassar testified that for about three years he had been a traveling salesman for the company; his compensation was a salary of $45 per week and commission and commission bonus; he had definite territory, including several cities and villages; he sold fruit and groceries; he called on customers, took verbal orders, wrote them in a book and communicated them in person to the company at Flint; he usually selected the fruit to fill his orders and sometimes transported it himself but ordinarily deliv-

eries were made by company trucks; he canvassed the territory once a week and sometimes oftener; he used his own judgment as to the hours for calling on customers and as to the order in which he should visit towns and customers; sometimes a customer would telephone him and he would call on him; he drove his own car; his duties were to develop his own trade; he received no orders from the company as to whom he should see or when, except that he was to canvass the territory once a week; it was in his discretion to call customers by telephone or see them personally; he set his own time for calling; the company did not tell him the order in which to visit towns; it was his own affair as to which town he visited first; he could add customers or drop old ones, as he saw fit; he further said he had visited several towns and taken orders and, when the accident occurred, he was returning to Flint to give the orders to the company for shipment of the goods the next morning. His testimony was undisputed.

The only other testimony which would bear upon the character of Nassar's employment is that plaintiff's counsel asked him whether he had drawn "compensation insurance" on account of the accident; Nassar said he had received compensation from the insurance company but did not know whether it had been paid him with knowledge and consent of defendant company; the insurance agent came to see him, asked him some questions, and he was paid; and he did not know whether defendant company knew it was being done as it had never been mentioned between them. No further attempt was made to show recognition by defendant company of Nassar as its employee.

The testimony being undisputed and unambiguous, no issue of fact was raised. Plaintiff has the burden of proof.

In *Marchand* v. *Russell,* 257 Mich. 96, relied on by plaintiff, the rule is stated that:

" 'An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.' "

The case also recognizes the point, sometimes lost sight of, that:

"Actual interference with the control need not be shown if the right to exercise it exists."

The *Marchand Case* is plainly distinguishable. There, Russell worked on salary, in furtherance of the general operation of the business of his employer, with no immediate special profit to himself from the particular transactions. He had had directions from the employer and he was subject to its instructions and control.

In the instant case Nassar's profits depended upon his conduct of the business. He was engaged in a special undertaking, the selling of goods, and did no work for the benefit of the company which did not inure to his immediate profit. The testimony fails to show that he had ever received any directions from defendant company as to the method of his conduct of the business or that right of direction had been reserved to it. Plaintiff failed to sustain the burden of evidence that Nassar was a servant of defendant company at the time of the collision.

The precise situation had not before arisen in this State, but *Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164) and *Sawtells* v. *Ekenberg Co.,* 206 Mich. 246, sustain the ruling. More nearly in point and to the same effect are *Aldrich* v. *Tyler Grocery*

*Co.,* 206 Ala. 138 (89 South. 289, 17 A. L. R. 617);
*Dohner* v. *Winfield Wholesale Grocery Co.,* 116 Kan.
237 (226 Pac. 767); *Pyyny* v. *Loose-Wiles Biscuit
Co.,* 253 Mass. 574 (149 N. E. 541); *Meece* v. *Holland
Furnace Co.,* 269 Ill. App. 164. See, also, *Barton* v.
*Studebaker Corp. of America,* 46 Cal. App. 707 (189
Pac. 1025); *Howitt* v. *Hopkins,* 219 App. Div. 653
(220 N. Y. Supp. 462); *James* v. *Tobin-Sutton Co.,*
182 Wis. 36 (195 N. W. 848, 29 A. L. R. 457); *Harrington* v. *H. D. Lee Mercantile Co.,* 97 Mont. 40 (33
Pac. [2d] 553).

Defendants complain because, in the examination
of Nassar, the term "compensation insurance" was
used by plaintiff's counsel. Nassar was an adverse
witness. His employment and his being in the
course of his employment were in issue. Whether
he had received workmen's compensation with
knowledge of defendant company was pertinent to
both issues. The fact that plaintiff was not able to
obtain the testimony he desired did not render the
question incompetent. To say that the word "insurance" in the question made it prejudicial error,
as indicating that an insurance company was defending the suit, would be to give way to hypersensitivity.

The other claimed errors have not sufficient merit
to warrant discussion.

The judgment will be affirmed as to defendant
Nassar, with costs, and reversed as to defendant
Central Wholesale Company, Inc., without new
trial, and with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, ED-
WARD M. SHARPE, and TOY, JJ., concurred. POTTER,
J., took no part in this decision.