Mary B. SCHENK, Administratrix of the Estate of Robert F. Schenk, Deceased, Plaintiff,

v.

PACKAGING CORPORATION OF AMERICA, a Delaware corporation, Chandler Fox, Elwood Fox, and Gene Howes, jointly and severally, Defendants.

Civ. A. No. 4863.

United States District Court
W. D. Michigan, S. D.
June 27, 1966.

William G. Reamon, Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., for plaintiff.

Hillman, Baxter & Hammond, by Robert N. Hammond, Grand Rapids, Mich., for Packaging Corporation of America.

Cholette, Perkins & Buchanan, by Don V. Souter, Grand Rapids, Mich., for defendants Chandler Fox, Elwood Fox and Gene Howes.

## OPINION

FOX, District Judge.

This is a motion for summary judgment brought by defendant Packaging Corporation pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant Packaging Corporation claims that under the undisputed facts there is no basis for its presence in the case, since the driver of the vehicle involved in the accident which is the source of this suit was the employee of an independent contractor, and not an employee of defendant Packaging Corporation; it therefore following that no vicarious liability can attach to said defendant.

The court has carefully considered the briefs and the supplemental briefs filed by the respective parties on the theory of "economic realities" as having a bearing on possible changes in the decided law of Michigan pertaining to independent contractors.

Although the economic realities test has been applied in a number of cases involving social legislation, e. g., Tata v. Benjamin Muskovitz Plumbing & Heating, 354 Mich. 695, 94 N.W.2d 71 (1959); Schulte v. American Box Board Co., 358 Mich. 21, 99 N.W.2d 367 (1959), and Goodchild v. Erickson, 375 Mich. 289, 134 N.W.2d 191 (1965), the court is satisfied that the holdings in those cases at this time are limited to controversies arising under social legislation, which is to receive liberal construction and application.

While it is possible that the Michigan Supreme Court will at some time in the future apply this principle in the area of tort liability, at the present time the test for an independent contractor relationship is the right to control. Holloway v. Nassar, 276 Mich. 212, 267 N.W. 619 (1936); Marchand v. Russell, 257 Mich. 96, 241 N.W. 209 (1932); Dennis v. Sinclair Lumber & Fuel Co., 242 Mich. 89, 218 N.W. 781 (1928); Tuttle v. Embury-Martin Lumber Co., 192 Mich. 385, 158 N.W. 875 (1916).

The facts of this case show that defendant Packaging Corporation paid defendant Howes, the employer of the driver of the vehicle, for all hauling done for it; that defendant Howes paid the driver's wages, made withholdings and other deductions from his salary; that the trucks were loaded by the driver and his helper when available; that the size of the load was determined by those loading the trailer; and that at no time were Packaging Corporation employees involved in the loading of trucks or trailers. None of the equipment was owned or operated by Packaging Corporation.

Therefore, under the control test as presently enunciated by the Michigan Supreme Court in cases involving independent contractors, the court is constrained to hold, bound as it is by the law of the state in which it sits, that the motion of defendant Packaging Corporation should be and hereby is granted, and Packaging Corporation is dismissed from this suit.

An order may be presented for the court's signature.